## SUPREME COURT.

### WILLIAM VAN DE SANDE agt. ROBERT HALL.

Where a contract for the purchase or lease of land has been consummated, without any fraud as to the real quantity of land sold or leased, courts will not inquire whether there has been an actual mistake as to the supposed quantity.

Where a defendant, in his answer to an action to recover rent, sets up a false and fraudulent representation by the plaintiff's assignor, as to the quantity of land mentioned in the lease, *executed to him by such assignor*, and claims *to recoup* his damages (specifying the amount) on account of such representations, such defence cannot be considered a *counter-claim*. Because,

The alleged representation was not made by the *plaintiff*, but by his assignor, and the defendant could not maintain an action against the plaintiff therefor.

Besides, the claim to recoupment in such a case, if properly set up and established by the evidence, would be inadmissible as a *partial defence*, under the 172d section of the Code, and the general principles of the common law.

Where a defendant desires to avail himself of such a defence—false and fraudulent representations—he must *allege* that he was *misled* by the representations, or that his belief in their truth induced him to enter into the contract, &c.

*Montgomery Circuit, May,* 1856.

TRIAL *by court.*

THIS was an action for the recovery of rent, upon a lease given by John T. Van De Sande to the defendant, and assigned by John T. Van De Sande to the plaintiff. The plaintiff claimed in his complaint to recover $200.

One of the defences set up by the defendant in his answer was, that John T. Van De Sande falsely and fraudulently affirmed, with intent to deceive the defendant, that the demised premises contained thirty-two acres of land, whereas, in fact, they contained but about twenty-eight acres, which fact was known to. John T. Van De Sande at the time of making such representation—to wit, before and at the time of the execution of the lease, but was then unknown to the defendant, to his damage of $50.

The plaintiff omitted to reply to the answer. · The demised premises were, subsequent to the execution of the lease, sur-

veyed, and were found to contain twenty-five and fifteen-hun-dredths acres. Before accepting the lease the defendant went on to the lot and examined it.

HENRY ADAMS, *for plaintiff*.
WEBSTER & SACIA, *for defendant*.

PAIGE, Justice. The defence of a false representation by John T. Van De Sande, in respect to the quantity of land contained in the lease, is not sustained by the evidence. The proof does not satisfy me that the representation was wilfully and designedly false; or that it misled the defendant and induced him to enter into the lease. Before accepting the lease the defendant examined the premises, and had an opportunity of ascertaining for himself the quanty of land embraced in the lease. The case comes within the principle of *Faure* agt. *Martin*, (3 *Seld*. 210.) Where a contract for the purchase of land has been consummated, without any fraud as to the real quantity of land sold, courts will not inquire whether there has been an actual mistake as to the supposed quantity. (3 *Paige*, 94.)

But it is insisted by the counsel of the defendant, that the recoupment to which it is claimed he is entitled on account of the fraudulent representation, set up in the answer, is a counter-claim, and not being denied in a reply is admitted. I do not think that the claim of the defendant to such recoupment is a counter-claim within the meaning of the 150th section of the Code. A counter-claim is defined in the Code to be one existing in favor of a defendant and against the plaintiff, between whom a several judgment may be had in the action. It must be a claim against the plaintiff as a party to the contract or transaction out of which it arises, and on which a separate and distinct action could be maintained against him at the suit of the defendant.

In this case defendant could not maintain an action against the plaintiff upon the fraudulent representation set up in the answer, because that representation was not made by him, but by his assignor.

Van De Sande agt. Hall.

Judge Bosworth took a similar view of this question in *Gleason* agt. *More*, (2 *Duer*, 639.) The claim of the defendant to a recoupment in this case, however, if properly set up and established by the evidence, would be inadmissible as a partial defence under the 172d section of the Code and the general principles of the common law. (2 *Johns. Ch. R.* 441; 2 *Johns. C.* 435; 5 *Johns. Ch. R.* 419; 1 *Paige*, 131; 10 *id.* 369.)

But not being a counter-claim, it is not admitted by the plaintiff's omission to reply. But if the defendant's claim to a recoupment was a counter-claim within the meaning of the Code, it cannot avail him, as his answer does not state facts sufficient to make it a defence either partial or total. His answer omits to allege that the defendant was misled by the representation, or that his belief in the truth of the representation induced him to enter into the lease. The proof of such fact was necessary to establish the defence. If necessary to make out the defence, it was equally necessary that it should be alleged. (1 *Story Eq. Jur.* §§ 191, 192, 195, 197, 202, 203.) The defendant must aver in his answer every fact necessary to show a defence, partial or total; and every such necessary averment must be proved. (8 *How. Prac. Rep.* 472; 3 *Selden*, 478; 1 *Comst.* 117.) The averment of a fact necessary to be established, cannot be dispensed with because it may be presumed from the existence of other facts. (15 *Barb. R.* 34, 35.)

Judgment must be entered for the plaintiff for the balance of rent due on the lease.