### HILL v. BLOOMINGDALE et al.

(Supreme Court, Appellate Division, First Department. February 18, 1910.)

1. DISCOVERY (§ 48*)—EXAMINATION OF PERSONS NOT PARTIES—"SPECIAL CIRCUMSTANCES."

Plaintiff, in an action for injury received from the sudden starting of defendants' elevator while he was alighting therefrom, should be allowed an order for examination before trial of defendants' employé, the operator of the elevator, unless defendants waive the giving by plaintiff of a bill of particulars of the respects in which the elevator was defectively equipped, constructed, and operated, an order for which was obtained by them; the "special circumstances" on which plaintiff seeks his order, under Code Civ. Proc. § 872, subd. 5, being that he cannot comply with the order for a bill of particulars unless permitted to examine said employé.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 48.*]

2. DISCOVERY (§ 48*)—EXAMINATION OF PERSONS NOT PARTIES.

Orders for the examination before trial of a witness not a party, sought on the ground of special circumstances, should be granted sparingly, and only when it appears to be necessary to prevent a failure of justice.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 62; Dec. Dig. § 48.*]

Appeal from Trial Term, New York County.

Action by George Hill against Samuel J. Bloomingdale and others. From an order vacating an order for an examination of a witness before trial, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Arthur J. Levine, for appellant.
Carlew Webb, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

MILLER, J.   The action is for personal injuries sustained by the plaintiff while attempting to alight from an elevator located in the defendants' building and operated by them.   It is alleged that the elevator suddenly started, precipitating the plaintiff down the shaft, and that that was due to the negligence of the defendants, "and the negligent and defective equipment, construction, and operation of said elevator and its shaft, and the equipments, appliances, and appurtenances thereof."   The plaintiff desires to examine the defendants' employé who was running the elevator, and the "special circumstances" (Code Civ. Proc. § 872, subd. 5) upon which he relies to justify the examination are the following, viz.:   That the plaintiff was injured on the defendants' premises by the sudden starting of an elevator controlled and operated by them, and can prove the cause of the accident only by the witness sought to be examined, who is in the defendants' employ; that upon the defendants' motion the plaintiff has been required to furnish a bill of particulars stating "in what respect the elevator was defectively equipped, constructed, and operated, specifying each and every defect that the plaintiff expects to prove upon the trial of this action"; and that he cannot comply with said order unless permitted to examine said witness.

It is possible that, by proving the occurrence and the attending circumstances, the plaintiff could put the burden of explaining the accident upon the defendants.   Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630.   At any rate, he should not have been required to furnish the particulars specified.   If the defendants insist upon the plaintiff furnishing specifications, at least afford him the means of ascertaining them which they possess; otherwise, he will be precluded from giving evidence upon the trial of specific defects.   Courts sit to accomplish justice, not to rule upon the points of a game of sharp tactics.   A recent decision of the court in this department is controlling.   Chittenden v. San Domingo Improvement Co., 132 App. Div. 169, 116 N. Y. Supp. 829.   If the defendants do not wish to have the witness examined, let them waive the giving of a bill of particulars by the plaintiff.   It should be said that orders for the examination of a witness, not a party, sought upon the ground of special circumstances, should be sparingly granted, and then only where it appears to be necessary to prevent a failure of justice.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.