that the claim was "adjusted at One hundred per cent." was but another way of saying that the loss sustained under the policy was the full amount covered by it. Bartlett v. Taxbox, *40 N. Y. 495. The fact that the agreement was not pleaded was of no importance because the action was not predicated upon it, but upon the policy, and the agreement was offered only as proof of the facts necessary. to obtain a recovery under the policy. The defendant has had the benefit of the agreement by delaying the trial several years, and, having had such benefit, ought not to escape liability upon a technicality.

I am of the opinion the judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

---

## CHARTERED BANK OF INDIA, AUSTRALIA & CHINA v. NASSAU FIRE INS. CO.

(Supreme Court, Appellate Division, First Department.  June 2, 1911.)

1. PLEADING (§ 323*)—BILL OF PARTICULARS—POWER OF COURT.
   A Special Term has power on motion to relieve a plaintiff from compliance with an order for a bill of particulars, where it is impossible to comply, and where, if compliance is enforced, plaintiff must abandon his cause of action or a part thereof.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 979; Dec. Dig. § 323.*]

2. INSURANCE (§ 644*)—ACTION ON POLICY—BILL OF PARTICULARS—POWER OF COURT.
   A policy on a stock of merchandise, made payable to a mortgagee as his interest might appear, was, after a loss, assigned by insured to the mortgagee, who brought suit on the policy, and who was required to serve a bill of particulars, stating the value of each article at the time of the fire, and the articles destroyed, damaged, and stolen. The mortgagee had not been in charge of the merchandise, and he had no knowledge of what was in the building destroyed by fire. At the time of the fire, the only representative of insured was its bookkeeper, who was to be examined under a stipulation of the parties before trial. The mortgagee could not furnish the bill of particulars demanded, but furnished a bill of particulars containing a list of articles of personal property with actual value and amount claimed. Held that, on motion for an order directing the mortgagee to serve a bill of particulars, the court must relieve the mortgagee from furnishing further particulars on condition that the examination of the bookkeeper before trial should be had and that the mortgagee should, on such examination, furnish to insurer all the information in his possession as to the conditions existing during the fire and immediately thereafter before the goods not destroyed were stored.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1625; Dec. Dig. § 644.*]

   Laughlin and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Chartered Bank of India, Australia & China against the Nassau Fire Insurance Company. From an order directing the service of a further bill of particulars, plaintiff appeals. Reversed.

See, also, 129 N. Y. Supp. 1115.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George A. Strong, for appellant.

C. A. Levy, for respondent.

INGRAHAM, P. J. This action was brought to recover upon a policy of fire insurance whereby the defendant insured the Bhumgara Company on stock, materials, and supplies situated in Lenox, Mass., "loss, if any, payable to Chartered Bank of India, Australia & China," as interest may appear." On the 11th of April, 1909, when this policy was in full force and effect, a fire occurred, by reason of which it is claimed the property therein described was damaged $4,500 or more, and proof of loss was furnished by the Bhumgara Company. Subsequently the Bhumgara Company assigned any interest it had in the policy to the plaintiff, and this action was brought to recover on the policy.

Subsequently a motion was made for a bill of particulars of the plaintiff's claim, and an order was entered on the 15th of December, 1910, requiring the plaintiff to serve a bill of particulars stating the actual value at the time of the fire of each item or article, which of the said items or articles were destroyed, which of the said items were damaged, which of the said items were stolen. In pursuance of that order, the plaintiff served a bill of particulars of the specific items of property claimed to have been covered by the policy of insurance and claimed to have been by means of the fire on April 11, 1909, destroyed, lost, or stolen, together with the exact amount claimed on each and the actual value at the time of the fire of each item or article. And then follows a long list of articles of personal property with the actual value and amount claimed, followed by this statement:

"Plaintiff is utterly unable to state which of the foregoing articles were lost, which were destroyed, or which were stolen."

This bill of particulars was retained by the defendant, who subsequently and on January 30, 1911, made a motion for an order directing the plaintiff to comply with the order of the court by the service of a bill of particulars or further bill of particulars in the respects pointed out in the affidavit annexed, or, in default of furnishing such an additional bill of particulars, that the plaintiff be precluded from giving any evidence upon the trial as to the items contained in the bill of particulars or that the complaint be stricken out, and granting to the plaintiff such other and further relief.

There is nothing in the papers submitted on behalf of the defendant to show that the plaintiff can give these particulars. The loss was payable to the plaintiff as mortgagee, and prior to the fire it had no connection with this particular stock of merchandise, had never been in charge of it, and its officers had no actual knowledge of what was actually contained in the building. At the time of the fire, the only representative of the Bhumgara Company at Lenox was a Miss Eddy, who was a bookkeeper for that company, and who was to be examined under a stipulation of the parties before trial. It further appears that this fire occurred on the night of Saturday, April 10,

1909; that it destroyed an entire block in the town of Lenox, in one store of which the goods in controversy were kept; that there was much excitement and a great crowd in the street attracted by the fire; that people in the street assisted in saving a portion of these goods by carrying them across the street and throwing them in a heap on the ground, where they were left until the following Monday morning, when what remained of them was moved to a place of storage; that the only information the plaintiff had was what it had been able to obtain from this Miss Eddy; and that it was utterly impossible for the plaintiff to ascertain which of the goods were actually destroyed by the fire and which were lost or stolen in consequence of the occurrence happening at the time in the endeavor to save what goods were possible. Nothing appears to question the good faith of the plaintiff, or to show that it had any knowledge or means of ascertaining just what goods were actually burned or what goods were lost or destroyed in removing them from the store in which they were located. It appears that the vice president of the Bhumgara Company did examine the stock about two months after the fire. At that time the goods were actually stored, and so far as appears, no loss occurred after that time. These facts did not fully appear in opposition to the original motion for a bill of particulars, and I am satisfied from this record that the plaintiff did its utmost to comply with the order and furnished all the particulars it was possible for it to furnish.

The question was then before the court as to the extent to which the order originally granted should be enforced, or whether the bill of particulars was a substantial compliance with the order in so far as it was possible for the plaintiff to comply with it. The answer to this motion is in substance a request to the Special Term to be relieved from separating the goods which have been lost into the three classes—those destroyed, those lost, and those stolen.

[1] I think it cannot be disputed but what the Special Term has power to relieve a party from compliance with an order for a bill of particulars with which it is impossible to comply, and which, if the compliance is enforced, would result in the plaintiff being compelled to abandon its cause of action or a large portion of it. Certainly it is not the object in requiring a bill of particulars to require what is impossible or what it will not be necessary for the plaintiff to prove upon the trial. By the examination of Miss Eddy, the defendant will acquire all the knowledge of the condition of these goods after the fire that the plaintiff has or will have; but I do not understand that the measure of defendant's liability will be based upon the goods that were actually in the building when it was destroyed, as distinguished from those which were lost or stolen in the effort to save the property in the building. I think, upon a motion for a further bill of particulars or to compel a party to comply with an order for a bill of particulars already made, the court has power to excuse a party required to furnish the particulars from furnishing such particulars as it substantially appeared it was impossible to furnish, especially where the result would be that, as the order could not be complied with, the plaintiff would be compelled to lose a large portion of its claims.

[2] I think, therefore, that, on the facts as they appeared, the Special Term should have relieved the plaintiff from furnishing further particulars on condition that the examination of Miss Eddy before trial should be had, and upon that examination the plaintiff should furnish to the defendant all the information in its possession in relation to the conditions existing during the fire and immediately thereafter before the goods were stored.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with leave, however, to the defendant to renew its motion for a further bill of particulars if from the subsequent examination of Miss Eddy it should appear that plaintiff had any further information upon the subject.

McLAUGHLIN and SCOTT, JJ., concur. CLARKE, J., dissents.

LAUGHLIN, J. I dissent upon the ground that plaintiff should have moved for a reargument of the motion which resulted in granting the specific order, or should have appealed from the order, and that it is not competent for another Special Term, on the same facts, to relieve it from any part of the order.