DE CORDOVA v. SANVILLE.   (No. 6470.)

(Supreme Court, Appellate Division, First Department.   December 18, 1914.)

MONEY LENT (§ 6*)—ACTIONS—SUFFICIENCY OF PLEADING.

A complaint by an executrix, alleging that decedent delivered a check to defendant, the proceeds of which check defendant received, and that decedent was not indebted to defendant at the time, is sufficient, without alleging a loan; the presumption of a loan being one of law, not of fact.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 8–10; Dec. Dig. § 6.*]

Ingraham, P. J., and Hotchkiss, J., dissenting.

Appeal from Special Term, New York County.

Action by Evelyn De Cordova against Arthur J. Sanville. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed, with leave to withdraw the demurrer and answer.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Otto C. Sommerich, of New York City, for appellant.

William F. Unger, of New York City, for respondent.

SCOTT, J.   In her first cause of action, after alleging the death of Varona De Cordova, and her appointment as his executrix, plaintiff alleges that on July 1, 1905, said Varona De Cordova delivered to defendant a check for $5,000, which check was paid and defendant received the proceeds thereof; that said Varona De Cordova did not owe defendant any money and was not indebted to defendant at said time; that plaintiff has demanded of the defendant payment of said sum, but no part thereof has been paid, except that on July 2, 1911, defendant paid plaintiff a certain sum as interest on said sum of $5,-000.   To this cause of action defendant demurs for general sufficiency, for that it is not alleged that the transaction was a loan, or that defendant ever promised to repay the sum paid to him by plaintiff's testator.

The plaintiff has drawn her complaint, as to the cause of action referred to, so as to bring the case within the rule of Nay v. Curley, 113 N. Y. 575, 21 N. E. 698.   In that case plaintiff's administrators proved that on a certain date their intestate delivered a check to defendant, which was paid in due course and defendant received the proceeds.   They also proved that on the day in question their intestate was not indebted to defendant.   Upon this state of facts a verdict was directed for plaintiffs, and from the judgment entered thereon the defendant appealed.   After reciting these facts the court said:

"This made out a prima facie case of a loan. It rebutted the presumption that the check was given in the payment of a debt. This could not have been the nature of the transaction, if there was no debt owing by the intestate to the defendant. The plaintiffs by this evidence repelled the presumption which would otherwise have arisen, and created the alternative presumption that the check represented a loan. The law does not presume a gift (Grey v. Grey, 47 N. Y. 552), and when the plaintiffs rested their case the burden was upon the defendant to show that the transaction was not that which the evidence

on the part of the plaintiffs tended to establish, viz., a loan from the decedent to the defendant."

If therefore, upon the trial, the plaintiff shall prove precisely what she has alleged in her first cause of action, and no more, she will be entitled to the direction of a verdict in her favor.

It is said, however, that although these facts may raise a presumption that the transaction was a loan, yet that will be merely a presumption of a fact which should be alleged, and not left to inference. With this view I am unable to agree. The presumption, as I consider, would not be one of fact, but of law. It certainly is not necessary to use the precise word "loan" to characterize the transaction. It would satisfy the most exacting critic of pleading to have alleged that defendant promised to repay the sum sued for, because the essential elements of a loan are that one shall give money to another and that other shall agree to repay it. But the obligation to repay where one gives the money to another, neither as a gift nor in payment of a debt, is an obligation which the law implies from the transaction, and it is that obligation which the judgment undertakes to enforce. It is never necessary to plead such an obligation as a promise. A familar instance is that of a complaint for the value of work, labor, and service rendered for defendant at his request. As to such a complaint the Court of Appeals said:

"It was not necessary to state in terms a promise to pay; it was sufficient to state facts showing the duty from which the law implies a promise; that complies with the requirement that facts must be stated constituting the cause of action." Farron v. Sherwood, 17 N. Y. 227.

In Jordan & Skaneateles Plank Road Co. v. Morley, 23 N. Y. 552, which was an action to recover the amount of certain tolls, Judge Denio wrote, at page 553:

"There is no force in the objection that a formal promise by the defendant to pay the amount alleged to be due from him for tolls is not stated in the complaint. In pleading under the Code, it is sufficient to state the facts from which the law infers a liability, or implies a promise."

In Bushnell v. Chautauqua Co. Nat. Bank, 10 Hun, 378, Judge Smith wrote, at page 382:

"It was not necessary or proper for the plaintiff to set out the implied promise of the defendant in the complaint. It was enough to allege the facts out of which the implication arises."

It is, of course, a well-known rule of pleading that it is not necessary to allege what the law will presume (Moak's Van Santvoord's Pleading [3d Ed.] p. 37; Andrew's Stephen on Pleading, § 222); and it is equally well settled that a complaint is not defective in substance for omitting to state conclusions which are to be implied from other facts sufficiently stated (Case v. Carroll, 35 N. Y. 385–391). That the presumption of a promise to repay arising out of the facts pleaded in the present case is a presumption of law, rather than a presumption of fact, seems to me to be very evident. It is a presumption of law, because upon the facts pleaded, standing alone, it would be the duty of the court to direct a verdict, and it would be error to leave it to the jury to infer, or not, that a promise had been made.

The presumption would be irrebuttable, except by the proof of other or different facts, and a denial by defendant that he had promised to repay would not alone be sufficient to rebut the presumption. The distinction is very clearly made by Lawson in his Law of Presumptive Evidence (2d Ed., p. 639). He says:

"Rule 117. A presumption is a rule of law that courts or juries shall or may draw a particular inference from a particular fact or from particular evidence, unless and until the truth of such inference is disproved.

"Subrule 1. A presumption of law is a rule of law that a particular inference shall be drawn by a court or jury from a particular circumstance.

"Subrule 2. A presumption of fact is a rule of law that a fact otherwise doubtful may be inferred from a fact which is proved."

The judgment appealed from should be affirmed, with costs, with the usual leave to defendant to withdraw the demurrer and answer within 20 days upon the payment of all costs.

CLARKE, SCOTT, and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). The first cause of action, which was the subject of this demurrer, after alleging the death of the plaintiff's testator and the issuance of letters to the plaintiff, alleged that plaintiff's testator delivered to the defendant a check for the sum of $5,000; that said check was paid, and the defendant received the proceeds thereof; that the plaintiff's testator did not owe the defendant any money, and was not indebted to the defendant at said time; ti ht the plaintiff has duly demanded payment of said sum of $5,000, but no part thereof has been paid, except the sum of $1,800, as interest on said $5,000 at the rate of 6 per cent. per annum from July 1, 1905, to July 1, 1911. There is no allegation that the defendant is indebted to the plaintiff in any sum of money, no allegation that the delivery of the check for $5,000 to the defendant was a loan of money, and no fact from which the law would infer a promise to pay.

The plaintiff insists that this complaint is sufficient under Nay v. Curley, 113 N. Y. 575, 21 N. E. 698, and the court below has sustained this contention. That action was brought to recover the amount of an alleged loan made by the plaintiff's intestate to the defendants. The case was tried, and the plaintiff had a judgment, which was reversed in the Court of Appeals. Judge Andrews, in delivering the opinion of the court, said:

"It is conceded, and it is undoubtedly the general rule, that in the absence of explanation the presumption arising from the delivery of a check is that it was delivered in payment of a debt, and not as a loan. * * * But a check may represent a loan or a gift, or money of the drawer, to be applied by the drawee to the use of the former as his agent or otherwise (citing cases). The plaintiffs proved that the check was delivered by their intestate to the defendant, the payee, on the day of its date, * * * its indorsement by the latter, that it was paid in due course, and that the defendant received the proceeds. Up to this point no cause of action had been established."

The plaintiff then called the defendant as a witness, and by him proved that the plaintiff's intestate did not owe the defendant any money on the day the check was delivered. The court then said:

"This made out a prima facie case of a loan. It rebutted the presumption that the check was given in the payment of a debt. This could not have been

the nature of the transaction, if there was no debt owing by the intestate to the defendant. The plaintiffs by this evidence repelled the presumption which would otherwise have arisen, and created the alternative presumption that the check represented a loan. The law does not presume a gift (Grey v. Grey, 47 N. Y. 552), and when the plaintiffs rested their case the burden was upon the defendant to show that the transaction was not that which the evidence on the part of the plaintiffs tended to establish, viz., a loan from the decedent to the defendant."

This is cited as authority to show that, in a pleading, the allegation of the evidence from which the court on the trial could infer a cause of action is sufficient as a statement of the facts constituting the cause of action, without alleging the ultimate fact upon which the liability of the defendant is based. Undoubtedly, if the plaintiff alleged, as he did in Nay v. Curley, supra, that the plaintiff's intestate loaned to the defendant the sum of $5,000, that would be a sufficient allegation of the fact which justified the presumption of law that the defendant was liable to repay the loan, and by the proof on the trial of the facts alleged in the complaint the plaintiff would make out a prima facie case. But it is the fact of the loan which is the basis of the cause of action alleged. What evidence would be necessary to prove the loan is not required to be alleged in the complaint, nor can the court on demurrer apply presumptions which arise from the evidence.

By section 481 of the Code of Civil Procedure it is required that the complaint must allege "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition." What fact is it that constitutes the cause of action? Clearly it is the fact of a loan by the plaintiff to the defendant. The plaintiff alleged the evidence which would make out a prima facie case on the trial of an action to recover a loan of money. There has been much discussion in the cases relating to the meaning of these words in section 481 of the Code. In Clark v. Dillon, 97 N. Y. 370, Chief Judge Ruger, delivering the opinion of the court, and speaking of the provision of the Code modifying the general rules of pleading before existing, said:

"This modification has, however, been held to extend only to matters of form, and not to apply to the fundamental requisites of a cause of action. * * * A construction of doubtful or uncertain allegations in a pleading, which enables a party by thus pleading to throw upon his adversary the hazard of correctly interpreting their meaning, is no more allowable now than formerly; and when a pleading is susceptible of two meanings, that shall be taken which is most unfavorable to the pleader. * * * It is in the nature of things that a party who is required to frame his issues for the information of his adversary, and the court, must be responsible for any failure to express his meaning clearly and unmistakably."

This case was followed in Jacobs v. Manitou Realty Investing Corporation, 212 N. Y. 48, 105 N. E. 968, to the effect:

"A fact essential to a cause of action is not alleged, when it is only to be inferred from other facts specifically averred, which are not inconsistent with the opposite fact."

In this, it seems to me, is the essential difference between a cause of action alleged in a complaint and facts proved upon a trial from which a jury is authorized to infer the existence of the fact proved.

In this case, as was said by Judge Andrews in Nay v. Curley, supra, "a check may represent a loan, or a gift, or money of the drawer to be applied by the drawee to the use of the former, as his agent or otherwise," or it also may represent a loan of money by the drawer of the check to the payee. Upon the mere proof of the delivery of the check by the drawer to the payee, there is a presumption of fact that the check was delivered in payment of a debt. That presumption can be rebutted by showing that no debt existed, and the triers of the fact are authorized to presume that there was a loan; but that presumption is one that is rebuttable by proof that there is no loan. It is not at all a presumption of law, but a mere deduction of a fact from other facts that were proved, and which presumption is for the jury or the triers of the fact.

The distinction, I think, is clear between a presumption of law, which is not rebuttable, and a presumption of fact, which the trier of the fact is authorized to draw from proved state of facts. Of course, the presumption of law need never be alleged in the complaint, for the only purpose of the complaint is to state the facts upon which by operation of law a liability is created; but a mere inference, which a trier of the facts may draw from a certain state of facts, is not a proper subject of pleading at all. It is the ultimate fact, which is to be proved, or which must be alleged as the fact "constituting each cause of action." The language of Code, § 481, is that a complaint must contain "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition," not the facts from which by inference or deduction the facts which constitute a cause of action can be inferred. That fact the plaintiff herein has not seen fit to allege in this complaint.

This objection is one of substance, and goes to the very foundation of pleading, and, with all the irregularity and confusion incident to the pleadings under the Code, I think we should hold to this one requirement: That the plaintiff should state the facts which constitute the cause of action, and not sustain a pleading which only states the evidential facts from which the trier of the facts is authorized to infer or deduce a liability. See Emery v. Pease, 20 N. Y. 62, 64; Van De Sande v. Hall, 13 How. Prac. 458, 460; Bliss on Code Pl. § 175.

This judgment, therefore, should be reversed, and the demurrer sustained.

HOTCHKISS, J., concurs.