## DE CORDOVA v. SANVILLE.

(Supreme Court, Appellate Division, First Department. February 18, 1916.)

1. PLEADING ☞320—MOTIONS—BILL OF PARTICULARS—WHEN REQUIRED.

   Plaintiff, who sued for money given by her deceased husband to defendant, claiming that it was a loan, who in her amended complaint averred that the facts of the transaction were unknown to her, but alleged the fact of the giving and acceptance of the money, and that the deceased was not indebted to defendant at the time, could not be compelled to provide a bill of particulars, to obtain the information in which it would have been necessary for her to examine the defendant.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. ☞320.]

2. PLEADING ☞316—MOTIONS—BILLS OF PARTICULARS—DISCRETION OF COURT.

   A motion for a bill of particulars is addressed to the sound discretion of the court, which should be exercised with due regard to the circumstances of the particular case.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 951; Dec. Dig. ☞316.]

Appeal from Special Term, New York County.

Action by Evelyn De Cordova, executrix and trustee under the last will of Varona De Cordova, deceased, against Arthur J. Sanville. From an order granting unconditionally defendant's motion for bill of particulars, plaintiff appeals. Modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

M. L. Heide, of New York City, for appellant.

Otto C. Sommerich, of New York City, for respondent.

SCOTT, J. This is an action by an executrix to recover the sum of $5,000, alleged to have been loaned to defendant by the testator in his lifetime. The case has already been through this court on appeal from an order overruling a demurrer to the complaint. 165 App. Div. 128, 150 N. Y. Supp. 709. As the complaint then stood the plaintiff merely alleged, in addition to the formal matters, that decedent in his lifetime gave to defendant the sum of $5,000, and that said testator did not at that time owe defendant any money, and was not indebted to defendant in any sum. Her theory was that these facts, if established, raised a presumption that the money was given as a loan, with an implied promise on defendant's part to repay it. In this she relied upon Nay v. Curley, 113 N. Y. 575, 21 N. E. 698. The Court of Appeals, reversing this court upon the dissenting opinion here of Presiding Justice Ingraham, held that the complaint as then drawn was insufficient because the facts alleged, as above stated, were merely evidentiary, and that it was essential that the complaint should allege the ultimate fact that the money was given as a loan, and that defendant promised to repay it. 214 N. Y. 662, 108 N. E. 1092.

The plaintiff has now amended her complaint by inserting the necessary allegations, but it is evident that she still relies upon proving the fact of a loan and a promise to repay, by establishing the evidentiary

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

facts of a delivery to defendant of the sum of $5,000 (which is admitted), and that the decedent was not then indebted to the defendant. In this condition of the pleadings plaintiff has been called upon to furnish a very detailed bill of particulars concerning matters as to which she swears she has no knowledge, and which, upon her theory of the case, she will not be called upon to prove, otherwise than by proving that at the time the money was given her decedent was not indebted to defendant.

[1, 2] As to all the matters referred to in the order for a bill of particulars the defendant necessarily has knowledge, and if plaintiff is to comply with the order it will be necessary to examine defendant to ascertain the facts. For such an examination there is ample authority. Hill v. Bloomingdale, 136 App. Div. 651, 121 N. Y. Supp. 370; Pring v. Thorp, 168 App. Div. 887, 152 N. Y. Supp. 469; Chittenden v. San Domingo Improvement Co., 132 App. Div. 169, 116 N. Y. Supp. 829. It is entirely credible that plaintiff should be without personal knowledge of the transaction between her decedent and the defendant, and all or nearly all of the matters sought to be inquired about will be immaterial, so far as her part of the case is concerned, if she can bring the case within the rule laid down in Nay v. Curley, supra. A motion for a bill of particulars is addressed to the sound discretion of the court, and that discretion should be exercised with due regard to the circumstances of the particular case in which the motion is made, and where necessary such conditions should attach as will prevent the turning of what was intended to be a beneficial remedy into an engine of oppression. It would result in a ridiculous circumlocution to provide that plaintiff should examine defendant, in order that she might inform him what his examination had disclosed to her.

The order appealed from will be modified, by providing that, if plaintiff has no present knowledge as to any of the matters as to which she is required to give particulars, she shall so state under oath, and that such statement shall serve in place of an answer as to those matters concerning which she so makes oath. As so modified, the order appealed from will be affirmed.

Order modified, as directed in opinion, and, as modified, affirmed, without costs. All concur.