EVELYN DE CORDOVA, as Executrix of and Trustee under the Last Will and Testament of VARONA DE CORDOVA, Deceased, Appellant, *v.* ARTHUR J. SANVILLE, Respondent.

First Department, April 5, 1917.

Contract — action to recover upon alleged promise to repay loan when able to do so — failure of proof — evidence — plaintiff's testator not indebted to defendant at time of alleged loan — trial — effect of failure to specify grounds of objection to evidence — prima facie evidence of loan — erroneous dismissal of complaint.

A complaint which alleges that the defendant promised to repay, when able to do so, a loan made to him by the plaintiff's testator, and that the defendant was able to repay at a certain time, was properly dismissed where the plaintiff at trial failed to prove either the alleged promise or the defendant's ability to repay.

Although a complaint seeking the recovery of moneys loaned to the defendant by the plaintiff's testator contains no allegation that the defendant requested the loan, the plaintiff was entitled to show that his testator was not indebted to the defendant at the time of the alleged loan in order to cast upon the defendant the burden of showing that the payment was a gift, if the defendant's objection to the evidence was not based on the failure of the complaint to state a cause of action but was based specifically on the lack of an allegation of a request by the defendant.

Such evidence that the plaintiff's testator was not indebted to the defendant at the time of the alleged loan should not be rejected because the date of the defendant's promise to repay was not alleged, although, *it seems*, it would have been better pleading to have alleged said date.

There is a sharp difference between the question whether a pleading is good and the question whether upon the evidence a cause of action is *prima facie* established.

Where the plaintiff proved that at the time when his testator delivered a check to the defendant the testator was not indebted to him and also gave proof of part payment on the alleged loan at a subsequent date, there was *prima facie* evidence that the transaction was a loan and that defendant promised to repay the same, and hence it was error to dismiss the complaint.

APPEAL by the plaintiff, Evelyn de Cordova, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of June, 1916, upon a dismissal of the amended complaint by direction of the court at the close of plaintiff's case.

*William F. Unger,* for the appellant.

*Otto Sommerich,* for the respondent.

SHEARN, J.:

The complaint attempts to set out two causes of action. The second cause of action is based upon an alleged loan made in 1905, '' which the defendant agreed to repay when he was able.'' It was alleged that the defendant was able to repay in 1911. No proof was adduced to show that the defendant was able to repay or that there was any agreement to repay when the defendant was able. This cause of action was properly dismissed.

The first cause of action alleges the delivery of a check for $5,000 to defendant in 1905, which was paid to the defendant; that the testator, represented by the plaintiff, was not indebted to defendant when the check was delivered; that defendant promised to repay said sum on demand, and that no part has been paid except the sum of $1,800 as interest.

The case has been before the courts in several aspects at various times (165 App. Div. 128; 214 N. Y. 662; 171 App. Div. 422; Id. 916).

The original complaint, which was before this court in 165 Appellate Division, and before the Court of Appeals in 214 New York, was identical with the present one except that there was no allegation that defendant promised to repay said sum of $5,000 on demand. The Court of Appeals sustained the dissenting opinion of INGRAHAM, P. J., which held that the complaint was insufficient because it alleged merely evidentiary matters and did not plead the ultimate facts, and that to be sufficient it should have alleged that the money was loaned and that the defendant promised to repay it. When the amended complaint was before this court on a motion of the defendant for a bill of particulars of various items of the amended complaint, this court, in modifying the Special Term's order which granted the motion, said in passing: " The plaintiff has now amended her complaint by inserting the necessary allegations," etc. This was not necessary to the decision and may not have been strictly accurate as an interpretation of the decision of the Court of Appeals, for there was still no allegation that the testator loaned the money at defendant's request.

But this dismissal under review was not upon a motion based upon the insufficiency of the complaint. The motion was made at the conclusion of plaintiff's case and was " upon the ground that the plaintiff has failed to make out a cause of action and has failed to make out the cause of action alleged in the complaint. There is no allegation of a request, no proof thereof. There is no allegation of a statement when the promise alleged in the sixth paragraph was made and no proof thereof, and that the plaintiff has failed so far as the first cause of action is concerned to prove the cause of action there set forth and has failed to prove any cause of action."

When the plaintiff introduced evidence that the testator was not indebted to the defendant at the time of the loan, objection was made " upon the ground that it is not within the issues; that under the first cause of action, there being no allegation of a request or a statement when the promise alleged in the first paragraph was made, the evidence is absolutely inadmissible."

When the defendant is relying upon strict technicalities, it is only fair to hold the defendant to technical requirements. The proof was not objected to because no cause of action was

stated but for the specific reasons above stated. Proof that the testator was not indebted to the defendant was not offered to show any request by the defendant for the loan. It was offered to throw upon the defendant the burden of coming forward with proof to show that the payment was a gift. It was, therefore, " within the issues," and not being offered to show " a request," it was no ground to reject the evidence because the complaint contained " no allegation of a request." Neither was the objection that the date of the promise to pay was not alleged, a good ground for rejecting this evidence. What was necessary to allege was that the defendant did promise to repay. It would have been better pleading to have alleged the date, and perhaps the date might have been obtained in a bill of particulars, but this was not essential in order to make the proof admissible. Further, this proof of no indebtedness was not offered to show an express promise. Therefore, the objection was not good and did not properly raise the question whether the complaint stated a cause of action.

There is a sharp difference between the question whether a pleading is good and the question whether, upon the evidence, a cause of action is *prima facie* established. When this case was before this court on the original complaint the only question was that of pleading. Now it is a question of sufficiency of evidence. The evidence that at the time the check was delivered and cashed the testator was not indebted to the defendant, coupled with proof of payment of $1,800 on the obligation at a subsequent time, is sufficient *prima facie* evidence to show both that the transaction was a loan and that the defendant promised to repay the same. It was, therefore, error to dismiss the complaint, and the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and DAVIS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.