WILLIAM BARNET and HENRY B. BARNET, Plaintiffs, *v.*
NEW YORK CENTRAL AND HUDSON RIVER R. COMPANY,
Defendant.

(Supreme Court, Albany Special Term, February, 1919.)

Depositions — circumstances under which an order may be made for
examination of witnesses before trial — order for such examination
vacated — Code Civ. Pro. § 872(5).

>   Where an examination before trial of a witness not a party
> is applied for on the ground of '' special circumstances '' as
> that term is used in section 872(5) of the Code of Civil Pro-
> cedure, the order should be sparingly granted upon a well-
> grounded apprehension that the examination of the witness
> cannot be had at the trial, and only when it is necessary to
> prevent a failure of justice.
>
>   Where though in an action against a railroad company to
> recover for personal injuries all that plaintiffs urge to sus-
> tain an order for the examination before trial of two yard-
> masters of the defendant would be sufficient ground for such
> an examination of the defendant, but it is not made to
> appear that plaintiffs are in danger of losing the testimony
> of said witnesses upon the trial or that to deny the privilege
> of the examination asked for would end the plaintiffs' case,
> a motion to vacate said order will be granted.

MOTION to vacate an order heretofore granted to
examine defendant's employees before trial.

Andrew J. Nellis, for plaintiffs.

Visscher, Whalen & Austin (H. Le Roy Austin,
of counsel), for defendant.

HINMAN, J. This is a motion by the defendant to
vacate an order, heretofore granted by Mr. Justice
Chester to the plaintiffs, permitting the latter to
examine before trial two of the defendant's employees.

namely, two of its yardmasters stationed at Troy, N. Y.

It is claimed by the plaintiffs that material facts, necessary to the prosecution of the plaintiffs' case, may be proved by these two witnesses to conform to the requirements of the plaintiffs' case if they are to avoid a nonsuit, as indicated by the Court of Appeals in a previous trial hereof. *Barnet* v. *New York Central & H. R. R. R. Co.*, 222 N. Y. 195, 200. The special circumstances urged by the plaintiffs as the ground of sustaining this examination before trial are that the examination would promote justice, lessen litigation and save the time of the court and of litigants; that unless the plaintiffs can make the proof indicated by the Court of Appeals, they must be nonsuited and if they can prove the missing facts they can make a case for the jury. The plaintiffs allege that they expect to determine that question upon this examination.

All that the plaintiffs urge would perhaps be entertained as sufficient ground for an examination before trial of a party to an action, but the right to examine a witness other than a party before trial and the right to examine a party depend upon entirely different grounds.

There is a growing tendency toward liberality in the granting of orders for the examination of a party before trial but an order for an examination of a witness not a party, sought upon the ground of " special circumstances," as that term is used in section 872, subdivision 5, should be sparingly granted upon a well grounded apprehension that the examination of the witness cannot be had upon the trial and only when it is necessary to prevent a failure of justice. *Hill* v. *Bloomingdale*, 136 App. Div. 651; *American Woolen Co.* v. *Altkrug*, 139 id. 671; *Chittenden* v. *San Domingo Imp.*

*Co.,* 132 id. 169. The circumstances must be such as would justify the conclusion that the deposition could be read upon the trial under section 882 of the Code. *Hancock* v. *First National Bank,* 93 N. Y. 82, 86; *Automobile Club* v. *Canavan,* 128 App. Div. 426, 428; *American Woolen Co.* v. *Altkrug, supra.*

It does not appear in any way that the plaintiffs are in hazard of losing the testimony of these witnesses upon the trial or that to deny the privilege of this examination would end the plaintiffs' case. Rather it is to see whether the plaintiffs can profitably go to trial at all or it is to prepare for trial; and neither of these is sufficient, under the authorities, to warrant an examination of a witness other than a party.

Plaintiffs' counsel has endeavored to show by reference to the case of *Goldmark* v. *United States Electro-G. Co.,* 111 App. Div. 526, cited with approval in our department in *Meade* v. *Southern Tier Masonic Relief Assn.,* 119 id. 763, that a liberalized rule has been established as to the examination of a witness other than a party, sweeping away technical rules and permitting such an examination, provided facts are alleged showing the examination is material and necessary; that the examination is no longer for the mere purpose of perpetuating testimony for use upon the trial.

This is not so. The reading of the opinion in the *Goldmark* case might lead one to believe that the president of the corporation was to be examined as a mere witness, not as an officer of the corporation. The statute, however, does not authorize the examination of a corporation without examining one or more of its " officers, directors or managing agents." Code Civ. Pro. § 872, subd. 7. And an investigation of the record in the *Goldmark* case, particularly the order of exami-

nation therein, a copy of which is hereto attached,* shows clearly that the proceeding was only for the examination of the defendant corporation as a party. The witness, Louis Pothoff, was ordered to be examined " as President of the above named defendant " and he was required to produce books " of said defendant," not his own books and papers.

---

*ORDER FOR EXAMINATION BEFORE TRIAL, READ BY DEFENDANT IN SUPPORT OF MOTION