FREDERICK W. ANDERSON, Respondent, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

First Department, July 3, 1919.

Conversion — pleading — complaint — allegation of ownership and right to possession — allegation that sheriff's jury found that property was in plaintiff — effect of finding of sheriff's jury as to title to property.

The plaintiff in an action for conversion must allege title to the property alleged to have been converted, or his right to the possession thereof.

In an action for conversion, brought against a sheriff, in which the plaintiff's surety was substituted as defendant, for refusing to turn over property which the plaintiff claimed in attachment proceedings and which a sheriff's jury found to be in the plaintiff, an allegation that the plaintiff made

claim to certain property on which an attachment had been levied and " such proceedings were thereafter duly had that a Sheriff's Jury was duly empaneled to try the validity of the claim and by their inquisition found the property of the said goods * * * to have been in the claimant at the time of the levy," is not a sufficient allegation of ownership in the plaintiff; such an allegation is merely a statement of evidence from which the fact of ownership may be inferred.

It is well known that the sheriff's jury always finds in favor of the claimant in an attachment proceeding in order that the sheriff may be protected by the bond of the plaintiff therein, and such finding has never been held to be decisive on the question of title.

APPEAL by the defendant, Fidelity and Deposit Company of Maryland, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of November, 1918, upon the verdict of a jury rendered by direction of the court, and also, as stated in the notice of appeal, an appeal is taken from the verdict of the jury.

*Frank V. Smith* of counsel [*Peter P. Smith,* attorney], for the appellant.

*David F. Barnett* of counsel [*Maurice B. Gluck* with him on the brief; *Joseph P. Nolan,* attorney], for the respondent.

PAGE, J.:.

The action was originally commenced against the sheriff to recover $2,600 which had been attached in the bank account of the Central Transportation Company.

The plaintiff filed a claim for $2,600 and a sheriff's jury was impanelled to try the validity of the claim and the jury found in favor of the claimant. Thereupon, the plaintiff in that action filed a bond of the Fidelity and Deposit Company of Maryland in the sum of $5,450, and the sheriff retained the money. Demand was made both upon the sheriff and Brown Brothers, the bankers, for payment of the $2,600, and on refusal this action was brought against the sheriff for damages. Thereafter an order was made substituting the Fidelity and Deposit Company of Maryland. The sufficiency of the complaint was challenged at the opening of the trial by a motion to dismiss on the ground that there was no allegation in the complaint that the plaintiff was the owner of the fund in question. The court held, however, that the third allega-

tion of the complaint, which is as follows: " *Third.* Thereafter the plaintiff herein duly filed in the office of the defendant, pursuant to Section 658 of the Code of Civil Procedure, a claim to $2,600 being a portion of said deposit, and such proceedings were thereafter duly had that a Sheriff's Jury was duly empaneled to try the validity of the claim and by their inquisition found the property of the said goods, effects and deposit to the extent of $2,500 to have been in the claimant at the time of the levy, and determined its value to have been the said sum of $2,600 and that the claimant, the plaintiff herein, had suffered no damages by reason of the levy," was sufficient, stating that the finding of the sheriff's jury was *prima facie* evidence of ownership. While the learned justice was correct in his statement that as far as the subsequent proceedings in the attachment were concerned the finding of the jury was *prima facie* evidence of ownership, it is not a sufficient statement of the fact that the plaintiff is the owner of and entitled to the possession of the fund. Where an action is brought for damages for conversion it is necessary that the plaintiff should show by his complaint title to the property alleged to be converted, or his right to the possession thereof. (*Berney* v. *Drexel,* 33 Hun, 34, 35.) It is well known that the sheriff's jury always finds in favor of the claimant in an attachment proceeding in order that the sheriff may be protected by the bond of the plaintiff. Such a finding of the jury has never been held to be decisive on the question of title. At most the allegation in the complaint is not the allegation of the fact of ownership, but evidence from which the fact might be inferred. (*De Cordova* v. *Sanville,* 165 App. Div. 128, 135, dissenting opinion by INGRAHAM, P. J.; revd., on this opinion, 214 N. Y. 662.) The motion to dismiss the complaint should have been granted.

The judgment will be reversed, with costs to the appellant, and judgment entered for the defendant dismissing the complaint, with costs to the defendant.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.