PERCY W. REICHER, Respondent, v. TRADE BANK OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, December 18, 1924.

Banks and banking — action by depositor to recover damages for refusal to pay check — pleadings — complaint insufficient for failure to allege that depositor had sufficient money to his credit to pay check — allegation that bank had notified him that he had sufficient funds is insufficient under Civil Practice Act, § 241.

It is essential to a cause of action by a depositor against a bank to recover damages for the refusal to pay a check that the depositor allege that at the time of presentation of the check he had funds actually to his credit sufficient in amount to pay the check, and an allegation that he had been notified by the bank that a certain check deposited by him had been collected in his behalf and the proceeds placed to his credit is insufficient, for under section 241 of the Civil Practice Act the plaintiff must allege the facts and the allegation of an evidentiary fact is not enough.

WAGNER, J., dissents.

APPEAL by the defendant from an order of the City Court of the City of New York denying its motion under rule 106 of the Rules of Civil Practice for judgment upon the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Solon B. Lilienstern [Samuel D. Lasky of counsel], for the appellant.*

*Samuel Abramson, for the respondent.*

LEVY, J.:

The appellant is a State banking corporation and the respondent is one of its depositors. The latter's claim, as disclosed by the complaint which was attacked in the court below, is that he drew checks on the appellant to the amount of $1,340, payment of which

was refused.   The gist of the cause of action is found in the allegations of the 6th paragraph of the complaint, and it seems quite clear that in order to plead the cause fully it was incumbent upon this respondent, in addition to the other facts necessary, to allege that at the time of the presentation of the checks in question the respondent had actually to his credit a sum at least equal to the amount of such checks.   (*Shipman* v. *Bank*, 126 N. Y. 318.) This the respondent failed to do and instead alleged that prior to the presentation of these checks, he had been notified by the appellant that a certain check deposited by him had been collected in his behalf and the proceeds placed to his credit.   The vice of this allegation is that it merely pleads an evidentiary fact instead of an ultimate one.   Section 241 of the Civil Practice Act requires that the complaint " shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved." Indeed, this means that there must be furnished a plain statement of the ultimate facts and not of the evidentiary ones.   (*California Packing Corp.* v. *Kelly S. & D. Co.*, 228 N. Y. 49; *DeCordova* v. *Sanville*, 214 id. 662, revg. 165 App. Div. 128, upon the dissenting opinion of INGRAHAM, P. J.)   In that case the learned justice said: " The language of the Code (§ 481) is that a complaint must contain ' a plain and concise statement of the facts constituting each cause of action without unnecessary repetition,' not the facts from which by inference or deduction the facts which constitute a cause of action can be inferred.   That fact the plaintiff herein has not seen fit to allege in this complaint.   This objection is one of substance and goes to the very foundation of pleading, and, with all the irregularity and confusion incident to the pleadings under the Code, I think we should hold to this one requirement: that the plaintiff should state the facts which constitute the cause of action and not sustain a pleading which only states the evidential facts from which the trier of the facts is authorized to infer or deduce a liability."

Applying this principle to the instant case, we have in this complaint not an allegation of the fact that the plaintiff *actually* had money on deposit to his credit which was sufficient to meet the checks drawn against the same, but one indicating that the defendant had *notified* him that it had such money in its hands.   The liability of this appellant must rest entirely upon the question as to whether it *had* the plaintiff's money on deposit and not that it gave him *notice* that it had.   The former would be considered ultimate while the latter is simply something from which the essential fact may be deduced.   We feel, therefore, that this complaint is insufficient and the motion should have been granted.

Order reversed, with ten dollars costs, and motion granted, with ten dollars costs, with leave to the respondent upon payment of said costs to amend his complaint within six days after service of order entered hereon.

BIJUR, J., concurs; WAGNER, J., dissents.