EDWIN G. BURKE, Plaintiff, *v.* GUSTAVE BROWN, et al., Defendants.

Supreme Court, Special Term, New York County, July 30, 1943.

*Edward A. Niles* for Julia F. Gilbert, defendant.

*Frank J. Stella* for plaintiff.

*Andrews, Baird & Shumate* for Gustave Brown, defendant.

SCHREIBER, J. The codefendants herein are adjoining property owners and are sued together and in the alternative by plaintiff who claims injuries from a fall on a cement block on the line between the two houses. Defendant Brown cross claimed against defendant Gilbert alleging that the latter erected the block. Brown moved to vacate a demand for a bill of particulars solely on the law, making no claim that he was

unable to furnish particulars on this point. It may well be said that he otherwise clearly indicated that he did have such information. Upon denial of the motion and refusal of the court to sign an order thereon permitting Brown to state any lack of knowledge under oath in lieu of a bill, nevertheless, Brown served a bill stating that he is without knowledge on this item. The instant motion to preclude followed, alleging such bill to be insufficient in this regard. Gilbert's objection must be held by the court to be well taken. The time to assert that one is without knowledge to comply with a demand for a bill of particulars is on the hearing of the motion when the validity of the disclaimer can be tested and not afterwards. (*Royce* v. *Ziegfeld,* 224 App. Div. 663; McCullen on Bills of Particulars, § 218 *et seq.*) Although the practice generally has been loose on the question, it should not be tolerated, for a real danger exists therein (cf. *Reis Co.* v. *Post,* 183 App. Div. 696). The motion is granted to the extent of precluding defendant Brown on the item referred to unless at least thirty days before the trial herein a sufficient further bill of particulars be served giving the particulars as ordered, with leave to defendant Brown to apply at Special Term for relief under the original order directing the service of a bill of particulars herein. (*Chartered Bank of India* v. *Nassau Fire Ins. Co.,* 145 App. Div. 307; *Losie* v. *Royal Ind. Co.,* 179 App. Div. 439; *De Cordova* v. *Sanville,* 171 App. Div. 422.) Settle order.