CHARLES W. MAYER, Respondent, *v.* NEW YORK CANNERS, INC.,
Appellant.

Fourth Department, June 29, 1926.

Depositions — examination of witness before trial —" special circum-
stances," within Civil Practice Act, § 288, shown — superintendent of
defendant may be examined under Civil Practice Act, § 289.

In an action to recover damages caused to plaintiff's building by servants of the
defendant, the tenant of the building, plaintiff is entitled to examine a former
employee of the defendant under section 288 of the Civil Practice Act, since it
appears that it is doubtful and uncertain whether the presence and evidence of
the witness may be secured at the trial and these facts afford " special cir-
cumstances " which justify the examination. The courts are inclined not to
construe the phrase " special circumstances " very strictly.

Plaintiff had the right, also, to examine the superintendent of the defendant,
under section 289 of the Civil Practice Act, since he was in charge of the work at
the time of the accident.

APPEAL by the defendant, New York Canners, Inc., from an order
of the Supreme Court, made at the Monroe Special Term and entered
in the office of the clerk of the county of Monroe on the 24th day
of March, 1925, denying the defendant's motion to vacate a notice
to examine witnesses before trial.

*John F. Connor* [*Carroll M. Roberts* of counsel], for the appellant.

*Macomber & Skivington* [*George J. Skivington* of counsel], for the
respondent.

HUBBS, P. J. This action was brought to recover damages caused
by the servants of the defendant in negligently causing an explosion
in a building owned by the plaintiff and rented to the defendant.
It is alleged that Brooks, at the time a servant, and Shafer, the
superintendent, were engaged in work requiring the use of an open
light, and that while Brooks was passing a gasoline tank with an
open light there was an explosion.

Notice was served for an examination of Brooks, the superin-
tendent, Shafer, and Prophet, the latter being an executive officer of
the defendant. It is alleged in the moving papers that the plaintiff
has no knowledge of the facts and circumstances connected with the
origin of the fire and that he must depend entirely upon the evidence
of Brooks and Shafer, who were present and whose conduct caused
the fire. It appears that the plaintiff has had an interview with
Brooks and that he promised to give the plaintiff a statement,
that he gave the plaintiff a postoffice box number at Albion which

he stated was the number of his box, but upon investigation it was found that that was the postoffice box of the defendant, and that the plaintiff has been unable to locate Brooks and believes that he is a hostile witness.

The defendant made a motion to vacate the notice. The learned Special Term denied the motion as to Brooks upon the ground that special circumstances existed which justified his examination before trial. Under section 288 of the Civil Practice Act an examination of a witness before trial may be had where the person's evidence is material and necessary, and the person is about to depart from the State, or is without the State, or resides at a greater distance than 100 miles from the place of trial, or is so sick or infirm as to lead to the belief that he will not be able to attend the trial or " other special circumstances render it proper that his deposition should be taken." Section 289 provides for the examination of officers, directors, managing agents or employees of a corporation. Brooks is no longer an employee of defendant and is not within the provisions of either section unless there are " other special circumstances " which bring him within the provisions of section 288. Those words, as used in section 872, subdivision 5, of the Code of Civil Procedure, have been construed by the courts. The Court of Appeals said, in *Town of Hancock* v. *First National Bank* (93 N. Y. 82, 86): " These ' other ' circumstances evidently mean such as will make the presence and evidence of the witness at the trial doubtful and uncertain, and relate to his personal condition and purposes as bearing upon the probability of his future attendance." This court has adopted a liberal construction of those words and in a case where the ends of justice and the orderly procedure upon the trial make it advisable that an examination be held has permitted such examination wherever it could, under any reasonable construction, say that special circumstances existed. Special circumstances exist in this case for the examination of Brooks. In fact, it seems to me that the case falls within the limitation defined in the case of *Town of Hancock* v. *First National Bank* (*supra*). The papers disclose that there are circumstances which will make the presence and evidence of Brooks at the trial doubtful and uncertain, and which relate to his personal conduct and purposes as bearing upon the probability of his appearance as a witness at the trial. (*McCullough* v. *Auditore*, 216 App. Div. 510.)

I think, therefore, that the order, in so far as it relates to Brooks, is proper and should be affirmed.

It seems to me that the Special Term properly refused to vacate the notice to examine Shafer. He was the superintendent in charge

of the work and is an employee whose examination may be had under section 289.

I cannot see any objection to the examination of the witness Prophet. In fact, the appellant concedes that the examination under the 1st subdivision of the notice should be granted. I think that subdivisions 3 and 4 should be eliminated from the notice as they in no way relate to the establishment of the plaintiff's cause of action. The 4th is general in its character and all information that is relevant and necessary will be obtained under the 1st subdivision. I think that subdivision 2 should be allowed.

The order should be modified in accordance with this opinion, and as so modified affirmed, without costs.

CLARK, SEARS, CROUCH and TAYLOR, JJ., concur.

Order modified in accordance with the opinion and as so modified affirmed, without costs of this appeal to either party.