FRANK PAPARONE, Plaintiff, *v.* WILLIAM ADER and J. F. MORGAN, Doing Business under the Assumed Name of J. F. MORGAN COMPANY, Defendants.

JOSEPH PAPARONE, by FRANK PAPARONE, His Guardian ad Litem, Plaintiff, *v.* WILLIAM ADER and J. F. MORGAN, Doing Business under the Assumed Name of J. F. MORGAN COMPANY, Defendants.

Supreme Court, Schuyler County, February 23, 1931.

*Frank D. Morris,* for the plaintiff.

*Winchell & Cameron,* for the defendant Ader.

PERSONIUS, J.   On February 5, 1931, the plaintiff gave notice that he would take the deposition of Dr. David B. Mendelson and Dr. H. L. Liberman at Rochester, N. Y., on the ground that Watkins Glen, the place of trial, was more than one hundred miles from the residence of said witnesses.   The defendant Ader moved to vacate this notice on the ground that said distance was less than one hundred miles.   On the argument this was conceded.   This motion is, therefore, granted.

On February 13, 1931, the plaintiff served notice that he would take the deposition of said witnesses at Rochester on the ground that " special circumstances render it proper " that their depositions be taken under the last clause of section 288 of the Civil Practice Act.   That the testimony of these witnesses is material and necessary may be conceded.   The " special circumstances " relied on

by plaintiff are that the two witnesses are doctors and active practioners in the city of Rochester and that it will be impossible for them to arrange their practice in such way as to be able to attend court at Watkins Glen. The second motion of the defendant Ader is to vacate this second notice of examination on the ground that the alleged special circumstances are insufficient to warrant the taking of the testimony of these physicians.

Section 288 of the Civil Practice Act distinguishes between the examination before trial of a *party*, which may be had if the testimony is material and necessary, and such examination of " other " persons, which may be so taken where a person is about to depart from the State or is without the State or resides more than one hundred miles from the place of trial or is so infirm as to afford reasonable grounds for belief that he will not be able to attend the trial or where " other special circumstances render it proper that his deposition should be taken." Concededly, the plaintiff does not bring himself within this section unless he shows such " special circumstances."

It is a hardship to compel a physician engaged in active practice to attend court as a witness. Recognizing this, the Legislature has provided for taking the depositions of certain physicians in personal injury cases. (Civ. Prac. Act, § 354.) However, we feel compelled to hold that the words " special circumstances," as used in section 288 and as construed by the courts, do not warrant the taking of the deposition of a witness before trial to avoid such hardship.

In construing the corresponding section of the Code of Civil Procedure, the Court of Appeals said: " These ' other ' circumstances evidently mean such as will make the presence and evidence of the witness at the trial doubtful and uncertain and relate to his *personal condition and purposes* as bearing upon the probability of his future attendance." (*Town of Hancock* v. *First National Bank*, 93 N. Y. 82, 86, 87; *Mayer* v. *New York Canners, Inc.*, 217 App. Div. 202.) The section has been held to include instances where there was good reason to expect that the party would be a reluctant and unwilling, if not hostile, witness; where the party's conduct had been such as to make his presence at the trial doubtful and uncertain; where the moving party's opponent had refused to furnish information to which the courts had held he was entitled, and similar cases. (*Bloede Co.* v. *Divine Co.*, 211 App. Div. 180; *Mayer* v. *New York Canners, Inc.*, *supra; Loomis* v. *Marsh*, 215 App. Div. 691, 692.) In general, it is said that the section was intended to prevent injustice resulting from the possible or probable inability of securing the evidence of the witness by the usual method; nowhere

have the courts permitted the section to be used simply for the convenience of an apparently friendly witness.

Section 304 of the Civil Practice Act provides that a deposition shall not be read unless the witness, for reasons specified, is unable to appear in court or his attendance cannot be compelled by subpœna. Under this action, could the deposition of these witnesses be read if taken? It is said that to authorize the taking of the deposition of a person other than a party before trial, the circumstances must be such as would justify the conclusion that the deposition could be read under this section. (*Barnet* v. *N. Y. Central*, 106 Misc. 198, 200.)

Much as we would like to relieve practicing physicians of the necessity of attending as witnesses at a considerable distance from their office and practice, we feel compelled to hold that their depositions cannot be taken before trial where they reside within one hundred miles of the place of trial. The fact that the Legislature has provided for the taking of depositions of a physician or surgeon attached to a hospital, or the like (Civ. Prac. Act, § 354), is an indication that it did not consider that their deposition could be taken under section 288. Frequently an order granting, or refusing to grant, a change of venue is made conditional upon the consent of the successful party, to the taking of the testimony of his opponent's witnesses by deposition if desired. So far as we know, this was not done in the present case when the place of trial was changed from Monroe to Schuyler county.

Prepare orders granting both motions.