ERNEST FREUND, Plaintiff, *v*. LAENDERBANK WIEN AKTIENGESELL-SCHAFT, Defendant.

Supreme Court, Special Term, New York County, November 20, 1943.

*Raphael H. Rhodes* for plaintiff.

*Cuthell, Appelby, Osterhout & Mills* for defendant.

COLLINS, J. This motion by the plaintiff to examine his assignor Kurt Epler before trial because of " special circumstances ", is an impressive example of an authentic two-sided question. The solution is perplexing because some justice adheres to both sides. The action seeks recovery of $41,726 from a Vienna bank for Epler's alleged wrongful discharge after the Nazi occupation of Austria. Epler is presently in this country. In July, 1942, when the case appeared on the Reserve Calendar, the plaintiff was prepared for trial and Epler was in attendance to testify. Not only is he the plaintiff's chief witness, but perhaps his only witness. In any event, he is a material and indispensable witness. On the plea of defendant's attorneys that they could not proceed to trial inasmuch as the war had prevented communication with their client, and to give them an opportunity to take depositions in Austria, the action was stayed until six months after the termination of hostilities between the United States and Germany. On plaintiff's appeal from the stay to the Appellate Division, the stay order was affirmed. (266 App. Div. 840.) During the argument in the Appellate Division, when the plaintiff's attorney protested that the long and indefinite stay might jeopardize the availability of the essential Epler, one of the Justices suggested that plaintiff might guard against the contingency by examining Epler before trial. This motion is the result.

Inasmuch as Epler is present in New York City, " special circumstances " must be shown to warrant the examination. (Civ. Prac. Act, § 288.) The plaintiff insists on the existence of such " special circumstances ".

The defendant's attorneys contest the presence of " special circumstances " and protest, furthermore, that because communication with Vienna is impossible, they cannot cope with the examination; they maintain that since Epler is practically the plaintiff, the examination would be tantamount to an inquest. Defendant accordingly cross-moves for a stay of the proposed examination of Epler until after the termination of the war between United States and Germany.

The dilemma projected by the motion is that whereas the plaintiff should not be forced to hazard the loss of his necessary if not sole witness on account of an indefinite stay, the defendant should not be driven into an examination minus the

necessary preparation therefor. Neither party is responsible for the dilemma.

In *Bartlett* v. *Sanford* (244 App. Div. 722) the rule as to " special circumstances " was expressed thus: " The courts have not attempted to define with any degree of precision what constitutes ' other special circumstances ' which will permit the examination of a witness who is not a party to the action. Necessarily it must be left to a wise judicial discretion, under the circumstances presented in a particular case, as to whether granting or refusing the examination will promote the presentation of facts in aid of justice and in the orderly progress of a trial."

And in *Mayer* v. *New York Canners, Inc.* (217 App. Div. 202) it was stated: " This court has adopted a liberal construction of those words, and, in a case where the ends of justice and the orderly procedure upon the trial make it advisable that an examination be held, has permitted such examination wherever it could, under any reasonable construction, say that special circumstances existed."

The plaintiff should, I think, have the examination, but the defendant should not be foreclosed from objecting again if it develops that its attorneys do not have the data necessary to cross-examine. If the plaintiff wishes to chance it, let the examination proceed with the reservation recorded at the opening of the examination that the defendant may object to the reading of the deposition on the trial because of the peculiar circumstances surrounding its taking. The Trial Judge will be in a much better position to determine the admissibility of the testimony thus elicited. I am mindful that this conclusion is not entirely satisfactory, because the plaintiff may be undergoing an empty and idle performance, at the same time divulging his case to the defendant. But I am unable to judge from the papers whether the defendant's attorneys are sufficiently conversant with the facts to enable them to deal with the examination. The plaintiff's motion for the examination is granted, and the defendant's cross motion for a stay is denied. Settle order in conformity with this memorandum. It is hoped the attorneys can agree on a method of procedure fair to both sides.