In the Matter of the Claim of JAMES H. LOCKWOOD et al., Respondents, against LUCKEY PLATT & COMPANY et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of death benefits made by the State Industrial Board under the Workmen's Compensation Law in favor of the dependent father and mother of the deceased employee. Decedent was, injured on December 30, 1941, while delivering packages for his employer. He slipped and fell on icy steps and struck his head, back and neck, and suffered injuries in the nature of traumatic psychosis, changes in brain function, concussion of the brain, change of personality, confusion, dizziness and a sense of pushing forward, and frequent crying spells. By reason of these injuries he committed suicide on March 28, 1942. The medical evidence sustains the finding that the death was the proximate and direct result of the accidental injuries. Award affirmed, with costs to the State Industrial Board. All concur.

In the Matter of the Claim of HENRY MILLER, Respondent, against LE ROY ROBINSON et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of the State Industrial Board in favor of claimant. The Board found that the injuries sustained by claimant were accidental injuries and arose out of and in the course of his employment. There is ample evidence to sustain the finding of the State Industrial Board and the award should be affirmed. Award affirmed, with costs to the State Industrial Board. All concur. [See *post,* p. 1008.]

In the Matter of the Claim of EVE RAPPAPORT, Respondent. MICHAEL J. MURPHY, as Acting Industrial Commissioner, Appellant.— It has been determined that claimant was justified in refusing a position at a weekly wage of twenty-five dollars. Her earlier wages were thirty dollars a week. She was later employed at forty dollars a week. She was justified in refusing the twenty-five dollar offer, and is entitled to the allowance made by the Unemployment Insurance Appeal Board. Decision affirmed, without costs. All concur.

DAVID SMITH, Respondent, v. SALUSTIANO BERZEL et al., Appellants.— Appeal from an order of the Special Term entered in the Ulster County Clerk's office on September 23, 1943, granting plaintiff's motion to take the deposition of a witness before trial. The motion papers show only that the witness, whose examination is sought before trial, is material and important. This is not a sufficient compliance with the provisions of section 288 of the Civil Practice Act which requires a showing of "special circumstances". Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. All concur.

DIAMOND STAR TIMBER CORPORATION, Appellant, v. MALCOLM H. NOYES, Respondent.— This is an appeal by plaintiff from an order of the Warren Special Term of Supreme Court changing the place of trial of this action from the County of New York to the County of Warren. The action is one for breach of contract. Plaintiff, a corporation, at the time of the commencement of the action was a resident of New York County. Defendant moved to change the place of trial to Warren County, the county of his residence, on the ground that the latter was the proper county. That was the only ground upon which defendant relied. From its memorandum it appears that the Special Term granted a change of venue on the theory that the action is a transitory one and that it arose in Warren County. Defendant's motion was not based on that ground. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to an application by defendant to change the place of trial on any other ground specified in the Civil Practice Act. All concur.