Henry Epstein, J.
The Preferred Accident Insurance Company of New York (hereinafter referred to as “Preferred ”) was ordered to be liquidated on April 30, 1951 by order of the Supreme Court of this State pursuant to article XVT of the Insurance Law of New York State. The company’s franchise was revoked and its existence ended. All bonds, contracts, policies, obligations, etc. were terminated and liability thereunder ceased as of May 2, 1951. Piling of claims with the liquidator was to end October 31, 1951; the company was adjudged insolvent as of April 30, 1951, by further order of June 22, 1951. Plaintiff sues as liquidator of Preferred to recover the prorata portion of commissions claimed under a clause of the agency contract (clause [1] amounting to $13,098.44).
The contract between Preferred and defendant agency, dated January 1, 1950, provides in express terms: “ (1) Agent has full power and authority to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured; to collect, receive and receipt for premiums on insurance tendered by the Agent and accepted by the Company, and to retain out of the premiums collected, as full compensation on business placed with the Company, commissions at the following rates * * * (Schedule of rates followed) * * * It is a condition of this Agreement that the Agent shall refund ratably to the Company, on business heretofore or hereafter written, commissions on cancelled liability and on reduction in premiums at the same rate at which such commissions were originally retained.” (Emphasis supplied.)
This contract further provides: “ (7) This Agreement supersedes all previous agreements, whether oral or written, between the Company and the Agent and may be terminated by either party at any time upon written notice to the other.”
Defendant agency was incorporated in November, 1944, but its business activities were the same as those previously conducted by the partnership operating under the same name without the “ Inc.” added. It had acted as agent for the Protective Indemnity Company (hereinafter referred to as “ Protective ”) under a contract made June 21, 1944. "When Preferred absorbed Protective in 1947, the same agency agreement continued. The “ new ” agency contract was entered into at the instance of Mr. Henry Houghton, vice-president in charge of agencies and was signed and returned by defendant January 31, 1950. Except for some changes in commission rates, the essential provisions above referred to were the same.
*268 The court allowed both sides the greatest latitude in presenting what might be evidence shedding light on the business and the contract upon which the action is based. The agency agreement is simple, unequivocal and complete on its face. The words “ at the same rate at which such commissions were originally retained ’ ’ carry a fixed obligation and nothing has been presented, worthy of credence, which alters their meaning and authority is ample to bar contradiction or alteration by parol evidence (Fogelson v. Rackfay Constr. Co., 300 N. Y. 334; Laskey v. Rubel Corp., 303 N. Y. 69; Heller v. Pope, 250 N. Y. 132; Eidlitz v. Fischbach & Moore, 239 App. Div. 483).
Nor may so-called “ custom or usage ”, allegedly in vogue at the time, be available to undermine such explicit provisions of a written agreement, complete upon its face and unequivocal in its meaning (B. M. Heede, Inc. v. Roberts, 303 N. Y. 385; Hayward v. Wemple, 152 App. Div. 195).
Nor may defendant claim release from its obligation under the contract by reason of the liquidating function of the Superintendent of Insurance. The liquidation followed upon the order of the Supreme Court of New York and it was that court’s order which cancelled and terminated all policies and pronounced the death sentence upon the Preferred. This was no breach of contract with defendant (first affirmative defense) (People v. Globe Mut. Life Ins. Co., 91 N. Y. 174, 179; People v. Security Life Ins. Co., 78 N. Y. 114).
Nor can the recommendation of the Association of Casualty and Surety Executives of November 2, 1937, adopted October 28,1937 by its executive committee, however graciously intended for the agent’s business, supplant the plain and inescapable effect of the written contract entered into in the year 1950 between the Preferred and defendant agency (second affirmative defense).
“ (7) This Agreement supersedes all previous Agreements whether oral or written, between the Company and the Agent.”
■The evidence introduced falls far too short of the standards set for reformation of an instrument. Here there was no evidence of a clear and unmistakable error in the contract (Amend v. Hurley, 293 N. Y. 587; Hart v. Hew York Life Ins. Co., 59 N. Y. S. 2d 140, affd. 270 App. Div. 994, affd. 296 N. Y. 991).
Defendant has furnished no evidence which can be accepted as proof of claims under section 538 of the Insurance Law, which is the only avenue available. The agreement here questioned has been repeatedly upheld (Bohlinger v. Ward & Co., 34 N. J. Super. 583; Bohlinger v. Mayville Realty Co., 135 N. Y. S. 2d 865, affd. 285 App. Div. 1045). Statutory liquidation does not *269 place any barrier in the way of collecting assets of the dissolved company (Insurance Law, § 514; Clark v. Willard, 292 U. S. 112; Matter of Preferred Ace. Ins. Co., N. Y. L. J., Jan. 16, 1956, p. 7, col. 8).
It is unnecessary to consider further the arguments advanced by defendant. The authorities cited are not in point. The State of New York, acting through the medium of its courts, has here stepped into the shoes of the Preferred. The sovereign State of New York as liquidator is in quite a different position from active companies. Yet even as to such latter, in the case of a contract so clear and unequivocal in its meaning, defendant could not prevail.
Let judgment be entered for plaintiff in the amount of $13,098.44 with interest from April 30, 1951.