Mark A. Costantiko, J.
Plaintiffs move for an inspection and discovery of certain documents in the possession of one of the two defendants, Otto J. Sambach.
The action is brought to recover damages by reason of defendants’ alleged negligence in the preparation of specifications for and in supervising the construction of a retaining wall and also for failing to repair the defective condition which resulted. *268 Defendants, appearing separately, deny plaintiffs’ allegations and among other things allege that the agreement to prepare the specifications was made directly between the plaintiffs and the De Lee Contracting Company. Plaintiffs’ allegation that the contract was made between plaintiff Bushey & Sons, Inc., and the defendants is denied, but defendants concede that they did make the plans and specifications.
It is a general rule that “ Documents to be subject to inspection must be evidence in themselves ”. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29.) Also the documents “ must relate to the merits of the action.” (Faendrick v. Allied Aviation Service Int. Corp., 284 App. Div. 898.) The documents must be relevant to the issues and admissible in evidence upon the trial of the action (Milberg v. Lehrich, 2 A D 2d 860).
Certain of the documents requested were used by the defendants during the course of an extensive examination before trial for the purpose of refreshing their recollection. The examination was conducted by the plaintiffs. The documents were duly marked for identification.
On this application it is plaintiffs’ contention, in effect, that solely because documents were used to refresh the recollection of the defendants as witnesses the documents are now subject to discovery and inspection. The court is not fully in accord with such a broad statement.
It is a general rule that when a witness produces a memorandum for purposes of refreshing its recollection, the adverse party has a right to inspect and cross-examine, “ a right of great importance as a protection against fabricated evidence ” (Peck v. Valentine, 94 N. Y. 569, 571). Upon reading the papers submitted herein the court must assume that the plaintiffs had ample opportunity on the examination before trial to examine the documents as to their validity. To make use of such documents, therefore, for any other purpose plaintiffs must be prepared to meet the general test of materiality and admissibility required of any document to be subjected to a discovery proceeding.
Plaintiffs seek to obtain the defendant Otto J. Sambach’s diary to prove the number of hours and days he spent in checking and supervising for the purpose of disputing defendants’ denial of making the contract of supervision with one of the plaintiffs. This diary is not material to the issues. At best it can only be used to test defendants’ credibility and therefore is not sufficient reason for an inspection. (Dienstag v. Athenson & Passin, 60 N. Y. S. 2d 794, affd. 270 App. Div. 927.)
*269 Plaintiffs want to inspect correspondence between defendants and Massey Concrete Products Co. relating to plans and specifications to construct a concrete retaining wall in order to show that “ the planning and designing ” was within the scope of defendants’ engagement. Defendants admit making the specifications. Such correspondence between defendants and a third party would not be material to the issue between plaintiffs and defendants as to the source of defendants’ authority to engage in the performance of their work.
Plaintiffs seek to discover the various work sheets and other memoranda which defendants used in the preparation of the plans and specifications. Such documents are not material to the issues herein as they became merged in the final product, the plans and specifications which were filed with the proper municipal department and are matters of public record. Copies thereof are evidently in plaintiffs’ possession.
Plaintiffs seek to discover plans, specifications and work sheets made by defendants before the retaining wall had been completely erected but after defects in the wall became apparent. Such records are not within the purview of the issues herein and are no different than confidential reports made following any occurrence (Falco v. New York, New Haven & Hartford R. R. Co., 161 App. Div. 735). Such records and reports are nothing more than the conclusions of the persons making them. As such they are not admissible into evidence except perhaps to test the credibility of the witness.
The codefendant, Warren A. Sambach, denies that he is a copartner of Otto J. Sambach and alleges that he is an employee. Plaintiffs seek to discover payroll records and also reports made to insurance companies as to the names and number of employees. Insurance company records may not be admissible into evidence. Plaintiffs may inspect the pertinent payroll records but not any insurance records or reports.
Defendants do not oppose the discovery of items 4 and 5 pertaining to records relative to the driving of piles and the correspondence between defendants and De Lee Contracting Co. relative to the construction of the retaining wall. Items 1, 2, 3, 6, 7 and 8 are denied except as herein indicated.
Settle order on notice in conformity herewith providing for date, time and place of the discovery and inspection and for photographing if desired.