Frank Del Ybcchio, J.
This is an application for an order to set aside subpoenas served upon Dominick Froio, Joan Nolan Russo and Nick Ortolano and to enjoin defendants from examining them as witnesses before trial on the ground that these witnesses do not come within any of the grounds specifically enumerated in section 288 of the Civil Practice Act for such examination.
The defendants claim that the testimony of the named witnesses is material and necessary to the defense of the action and that “ special circumstances ” exist which justify the court in exercising its discretion to permit such examinations.
This action is brought to recover damages for personal injuries alleged to have been sustained by plaintiff on premises owned by defendants. Upon investigation defendants learned that the above-named witnesses were the only persons present when plaintiff sustained her injuries but they have refused to disclose what occurred at the time of the accident or to discuss it with representatives of defendants, one because he was *415 pledged to secrecy and has promised not to divulge any information to anyone other than plaintiff or her attorney, another because her husband would not permit her to make any statement concerning the accident and the third because he would just as soon forget the entire situation and wanted to have no more part of it. It also appears that upon an examination before trial plaintiff was unable to give any explanation of how she sustained her injuries and disclaimed any knowledge of how the accident occurred or who was present.
Since plaintiff has no recollection of the circumstances surrounding the accident and the named witnesses are the only persons who have knowledge of the material facts and circumstances which existed at the time of the accident but refuse to divulge any information for the reasons stated, this court is of the opinion that special circumstances are shown and that, in the interests of justice, these witnesses should be examined so that defendants may properly prepare their defense to the action. (Sweet v. Sweet, 266 App. Div. 1010; Malagoli v. Bernstein, 1 A D 2d 1042.)
In Smith v. Berzel (267 App. Div. 930) cited by movants, the motion papers failed to show any special circumstances.
It is well settled that, where it is material and necessary, a party may take the testimony of any person as a witness upon a showing of special circumstances other than the particular grounds specifically enumerated in section 288 of the Civil Practice Act. (Southbridge Finishing Co. v. Golden, 2 A D 2d 430, 433; Lyon v. Fieldgren Realty Corp., 190 Misc. 700, affd. 273 App. Div. 917.)
“ Special circumstances ” which will permit the examination of a witness who is not a party has not been precisely defined by statute and there are many conflicting decisions among the lower courts. It has been left to the wise judicial discretion depending on the circumstances of each particular case. (Bartlett v. Sanford, 244 App. Div. 722.) The Fourth Department has adopted a liberal construction of these words. (Mayer v. New York Canners, 217 App. Div. 202; Peyton v. Coulson, 190 Misc. 754, 756.)
In City of Buffalo v. Hanna Furnace Corp. (305 N. Y. 369), the Court of Appeals spoke out for the greater liberaliaztion of the pretrial examination procedure by stating at page 377: “ The value of pretrial examination, as an aid to the conduct and disposition of litigation, has been amply demonstrated by experience. There has, particularly in recent years, been a distinct trend, reflected in legislative pronouncements, in court rule and in judicial decision, towards the extension and greater *416 liberalization of the provisions for such examination. (See Saxe, Civil Remedies and Procedure, 27 N. Y. U. L. Rev. 1201.) Courts should not strain to limit the availability of such an important remedy, by narrowly circumscribing the reach of words so inclusive as ‘ any * * * person, ’ whose very generality bespeaks a legislative design that the provision be accorded a very broad content. ’ ’
For the reasons above stated the motion to set aside the subpoenas is denied and defendants are entitled to an order fixing the date for such examinations.
Order accordingly.