Sidney Squibb, J.
The defendant, the State of New York, moves by order to show cause for an order requiring Richard Giampino, son of the claimants, to be examined before trial, as a witness. This motion was made after the defendant had examined the lady claimant before trial.
Her claim is predicated on the alleged negligence of the defendant in that she was (par. 5 of the pleading) “ struck with great force and violence by a rolling, split, broken and defective beach umbrella on the beach at Jones Beach State Park.” Her husband’s claim is for loss of services, etc.
The transcript of the lady claimant’s testimony on the examination before trial confirms the movant’s position that Mrs. Giampino never saw the umbrella which struck her and could not give even prima facie evidence of what had happened immediately before the occurrence. She further testified that her said son, the prospective witness, did examine the alleged defective umbrella and reported the occurrence to certain employees at that park.
The Assistant Attorney-General, by affidavits and exhibit, demonstrated that the State has no “ report ” of the occurrence. Said exhibit shows that the State has no record of any damaged or broken umbrella on the date alleged at Jones Beach State Park.
The motion papers and testimony of Mrs. Giampino amply bring this situation within the ambit of “ special circumstances ” prescribed in the last sentence of section 288 of the Civil Practice Act, for the examination of a witness. The judicial discretion resident in this court should be exercised in favor of the movant under the circumstances at bar.
We approve and reiterate the excellent legal reasoning and language employed by Del Vecchio, J. (Supreme Court, Oneida County), in Mills v. Montana (14 Misc 2d 414).
Motion granted. Short-form order signed.