Mario Pittoni, J.
The plaintiff’s motion for an examination before trial of the defendant’s husband as a hostile witness in this automobile accident case is granted.
• The plaintiff claims that at the time of the collision the operator of the other automobile failed to stop and give the required information, that on subsequent investigation the defendant’s answer and admission established the defendant to be the owner but that the defendant on her examination before trial denied knowledge of the operator of her car on the day in *965 issue or of the accident. The plaintiff also states that defendant’s answer in the examination before trial tends to show that her husband was the operator.
The defendant’s husband may be examined on the ground that he is ‘ ‘ likely to be an unfriendly, if not hostile, witness ’ ’ (Malagoli v. Bernstein, 1 A D 2d 1042). Furthermore, since the defendant says she has no recollection of the accident and the defendant’s husband seems to have knowledge of those facts, special circumstances for this examination pursuant to section 288 of the Civil Practice Act are manifest (Malagoli v. Bernstein, supra; Mills v. Montana, 14 Misc 2d 414). Even if the defendant’s husband does not have apparent knowledge of the facts his possible connection with the accident warrants his examination before trial (Courtland v. Brown, Harris, Stevens, Inc., 6 A D 2d 789).
Anyway, there is a “ distinct trend, reflected in legislative pronouncement, in court rule and in judicial decision, towards the extension and greater liberalization of the provisions for such examination”. (Fuld, J., in City of Buffalo v. Hanna Furnace Corp., 305 N. Y. 369, 377.)
Motion granted.
Order signed.