Frank A. Gulotta, J.
In this action brought to recover damages for personal injuries sustained by plaintiff because of the alleged negligence of defendants, plaintiff seeks an order permitting a discovery and inspection of the daily field reports of one of defendants showing for a period of 30 days prior to the accident the number of men employed by it, their identity, and the description and location of the work done by each.
Plaintiff alleges that while employed in the construction of a building by a firm other than the two defendants, and while walking in one of the rooms of said building then under construction, he was caused to trip and fall over a piece of angle iron lying on the floor.- The moving papers recite that the discovery and inspection is necessary “ to clear up questions of notice to the defendant Depot Construction Corp., as well as its neglect and failure to furnish a safe place to work ”.
A discovery and inspection is limited to books, documents, papers, articles or property relating to the merits of the action and must be admissible as evidence on the trial, not merely useful in supplying a clue where evidence can be had. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24; Milberg v. Lehrich, 2 A D 2d 860.) These field reports would not be competent per se as proof on any of the issues in this action nor can I perceive, even assuming they were admissible on some theory, how they would bear on the questions of notice or neglect. It would appear that the answer to plaintiff’s dilemma lies in an examination before trial and the production of records pursuant to section 296 of the Civil Practice Act which will give the plaintiff substantially what he asks for here.
Motion is denied. Short-form order signed.