Clarence J. Henry, J.
The plaintiff herein purchased certain steel from the defendant Stanley Steel Service Corporation which in turn had purchased it from the moving defendant Bliss & Laughlin, Inc. A piece of the steel was processed into a bolt by the plaintiff, and was used to support a tank sold and installed by the plaintiff. Thereafter the tank fell and the plaintiff claims to have suffered therefrom damage to the extent of *389 $10,000, in an action against its immediate seller defendant in warranty, and the moving defendant in negligence.
The complaint alleges that the bolt was defective because of improper chemical composition. The bill of particulars appears to attribute the claimed defect to a surface crack or flaw.
In their original form the moving defendant’s motion papers included a request for discovery and inspection of the bolt; and, in the event the bolt was not in the plaintiff’s possession or control, an examination of the plaintiff, by its employees as to the bolt’s whereabouts; and, in the event the bolt was lost or destroyed, discovery and inspection of all reports in the plaintiff’s possession relating to tests of the bolt made by any outside agent and an examination of the plaintiff, by its employees, concerning any examination and inspection of the bolt if such had not been made by an outside agency.
The reply affidavit of the plaintiff indicated that the bolt had been destroyed; that tests had been made by both its employees and an outside agency; and that the plaintiff had no objection to the examination of its inspecting employee if limited to factual conduct and observation.
The moving defendant thereupon revised its request to (1) an examination of the plaintiff, by its employees, concerning any inspection and tests made by them on the bolt and the facts disclosed thereby; and (2) the disclosure of the identity of, and an examination of, any outside agency conducting such inspections and tests, and the facts disclosed thereby; and (3) the production by witnesses of either category of any ‘ ‘ notes, memoranda or other writing made on such * * * tests ’ ’.
As to the requested examination of the plaintiff’s employees, as the plaintiff has limitedly acceded, there remains only the question of the extent of the examination, hereafter determined.
As to the requested disclosure and examination of an outside agency, section 288 of the Civil Practice Act provides for the “ testimony of any * * * person, which is material and necessary, where * * * special circumstances render it proper”. No close and instructive definition has developed cencerning what are to be regarded as “ special circumstances ” warranting the examination of an outside witness; it rests in the sound discretion of the court to determine whether, unde i' the circumstances incident to a given case, an examination will assist in assuring a fair and just presentation of the material and pertinent facts (Wornicke v. Scheuer, 11 Misc 2d 188). The purpose of examinations before trial is, of course, to get out the facts (Dorros, Inc. v. Dorros Bros., 274 App. Div. 11), and the Fourth Department lias adopted a liberal construction of the *390 words “ special circumstances ” (Mayer v. New York Canners, 217 App. Div. 202 ; Mills v. Montana, 14 Misc 2d 414).
Here the condition of the missing bolt is a principal material fact to be established. The fact that it is missing recommends itself as a “ special circumstance ”, particularly when the circumstance arose through no fault or act of the moving defendant, and when witnesses appear available who have intimate knowledge concerning the condition of the bolt.
A witness who has special or exclusive knowledge of a material fact in issue may be examined before trial (Manufacturers Trust Co. v. American Nat. Fire Ins. Co., 232 App. Div. 536 ; Bartlett v. Sanford, 244 App. Div. 722). Admittedly, from the plaintiff’s affidavit herein, inspection and testing of the bolt was made by an outside agency at the plaintiff’s request. Special factual knowledge concerning its condition, useful in a just determination of responsibility, resulted, and it follows, that examination of the outside agency—in addition to that of the plaintiff’s employees, already conceded—ought to be allowed. A corollary requirement is the disclosure of the identity of such outside agency; without such disclosure the right to examine is useless, and the court will not recognize the right without the implementation.
There are, however, certain limitations. The moving defendant cannot, upon the examination, seek to elicit expert opinion (Reif v. Gebel, 246 App. Div. 776 ; Bartlett v. Sanford, 244 App. Div. 722 ; Paparone v. Ader, 139 Misc. 281), and the examination is restricted, in the case of both the outside agency and the plaintiff’s employees to factual testimony concerning the nature and extent of the inspection of the bolt and factual testimony concerning the nature and extent of such tests as were made — without conclusions or opinions derived therefrom.
As to notes and memoranda made by the plaintiff’s employees or the outside agency, documents, to be the subject of inspection, must themselves be evidence (People ex rel. Mergenthaler Linotype Co. v. Mills, 273 App. Div. 860 ; Ehrlich v. New York Cent. R. R. Co., 251 App. Div. 721). Reports not shown to be admissible as evidence are not subject to inspection (see Faendrick v. Allied Aviation Serv. Int. Corp., 284 App. Div. 898), and it follows that inspection of notes and memoranda should not be required, absent such a showing (see People ex rel. Lemon v. Supreme Court, 245 N. Y. 24 ; Loitsch v. Depot Constr. Corp., 21 Misc 2d 550 ; Bassney v. Erie R. R. Co., 24 Misc 2d 350 ; Patchogue Oil Term. Corp. v. Sambach, 15 Misc 2d 266). The plaintiff is not, therefore, required to produce them. It may be, as suggested by the moving defendant, that because of the *391 technical nature of the inspection of the bolt and tests made thereon, the witnesses will find it necessary to utilize then-notes and memoranda for the purpose of refreshing recollection. Such may come to pass, but it is not instantly apparent and will have to await the examination. If resorted to, the contents of such notes and memoranda may be divulged only to the extent to which they are resorted. Submit order in accordance herewith. No costs.