■ NUNZIO ALBERO, Respondent, v. STATE OF NEW YORK et al., Appellants. (Claim No. 41348.) — *Per Curiam*. Appeal from an order of the Court of Claims which, among other things, directed the pretrial production of certain papers. The claim seeks recovery for personal injuries sustained by claimant when his automobile, proceeding across the Tappan Zee Bridge of the State Thruway, crossed the median into an opposing traffic lane and collided with another vehicle; the claim alleging negligence in, among other things, the construction and maintenance of the bridge roadway, "particularly in failing to provide the same with suitable railings, dividers, pavement * * * and light." The Court of Claims, by order made by Judge DEL GIORNO, directed pretrial examination of an employee or employees to be produced by the defendants State and Thruway Authority and the production upon such examination of, among other things, defendants' "books, records and papers relative to the occurrence". Upon the ensuing examination, the Authority's division engineer was asked by claimant's attorney, "Were there any studies made by the New York State Thruway Authority prior to July 23, 1962 [the date of the accident] concerning the advisability of directing median dividers on the Tappan Zee Bridge?" Counsel for defendants objected and the question was not answered, then or when repeated in slightly differing forms. Similarly, questions as to studies in respect of any changes in the composition of the roadway surface and studies concerning traffic safety on the bridge remained unanswered. Claimant then applied to the Court of Claims at a Motion Term, Judge DONALDSON presiding, pursuant to CPLR 3102 (subd. [f]) and 3120, for an order of discovery, for inspection and copying, of "all studies made by defendants relative to the erection of median barriers upon the Tappan Zee Bridge, all studies made by defendants relative to the characteristics of the roadway and the composition of the road surface of the Tappan Zee Bridge" and other studies as well. The application was denied,

upon the authority of *Pfaudler Permutit* v. *Stanley Steel Serv. Corp.* (28 Misc 2d 388) and *Uterhart* v. *National Bank of Far Rockaway* (255 App. Div. 860). From the order of denial claimant took an appeal which, so far as appears, has not been perfected. Shortly after the making of Judge DONALDSON'S order, the Court of Claims, Judge SQUIRE presiding, entertained a further application by claimant, ostensibly for rulings in respect of the examination before trial theretofore had, and thereupon (in addition to a number of rulings, made solely by reference to pages and lines which appellants have not keyed to the pagination of the record on appeal and which are therefore unintelligible) made an order which, among other things, provided: "The defendants are directed to produce 'the studies' made by the New York State Thruway Authority prior to July 23, 1962 for the preliminary inspection by claimant's counsel as to whether or not the claimant desires to have the same received in evidence or marked for identification on the examination before trial. The portions of 'the studies' which set forth facts such as what was observed, seen or done may be received in evidence. The portions which contain opinions cannot at this time be received in evidence." As has been noted, there was developed upon the examination before trial no evidence whatsoever of the existence of any such "studies", prior to July 23, 1962, or at any time. Claimant urges, nevertheless, that the order consists simply of "rulings made during an examination before trial", which he contends is not an appealable order, citing *Lee* v. *Chemway Corp.* (20 A D 2d 266) as authority for his contention; but clearly, under the circumstances, this is not an order under CPLR 3111, contemplating "merely the production of books and papers to aid in the examination before trial of a party or witness" (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.03), but an order for general discovery, and, therefore, appealable and, in whatever guise presented, or however informally or irregularly sought and granted, is precisely the form of order which claimant previously applied for in the language of CPLR 3120 and which Judge DONALDSON'S order denied. It seems unnecessary to undertake any discussion of the simple and self-evident fact that orderly procedure interdicts the practice here followed; whereby, upon oral application to one Judge, the limitations imposed by the order of another Judge were removed and the express denial of the same relief by still another Judge was effectively nullified. (See CPLR 2221; *Kamp* v. *Kamp,* 59 N. Y. 212, 217; *Collins, Inc.* v. *Olsker-McLain Inds.,* 22 A D 2d 485; *Beeber* v. *Empire Power Corp.,* 260 App. Div. 68, 69; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2221.01.) The order made by Judge DONALDSON established the law of the case. (*Collins, supra,* p. 489.) Consequently, we do not reach the legal issues which would otherwise have been presented. Order modified by deleting therefrom the provisions thereof directing the production of documents and, as so modified, affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.