508 P.2d 1146

**ARIZONA INSURANCE GUARANTY AS-SOCIATION, a nonprofit Arizona corporation, Appellant,**

v.

**T. Millard HUMPHREY, Director of Insurance of the State of Arizona, and Ancillary Receiver for Liberty Universal Insurance Company, a Texas corporation, Appellee.**

**No. 10764.**

Supreme Court of Arizona, In Division.

April 20, 1973.

Rehearing Denied May 22, 1973.

Stockton & Hing by Robert Ong Hing, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by Fred W. Stork, Asst. Atty. Gen., Phoenix, for appelless.

CAMERON, Vice Chief Justice.

This is an appeal from a summary judgment upon a suit for declaratory judgment, § 12–1831 et seq., A.R.S. and Rules 56(a) and (b) and 57, Rules of Civil Procedure, 16 A.R.S., in favor of the defendant T. Millard Humphrey, and against the plaintiff-appellant, Arizona Insurance Guaranty Association.

We are asked to answer the following question on appeal: Does the Arizona Insurance Guaranty Association Act, § 20–661, et seq., A.R.S., give the association the right to recover unearned commissions from agents of an insolvent insurance company in those cases wherein the unearned premiums have been paid by the association to the insurers?

The facts necessary for a determination of this matter on appeal are as follows. The Liberty Universal Insurance Company is a Texas corporation which until the time of its insolvency was doing business in the State of Arizona. The said Liberty Universal Insurance Company was declared insolvent in the District Court of Travis County, Texas, on 17 August 1970, and was placed in ancillary receivership by the Director of Insurance of the State of Arizona on or about the 31st day of August 1970, with T. Millard Humphrey, Director of Insurance of the State of Arizona, as the ancillary receiver as provided by statute. Prior to the insolvency of the Liberty Universal Insurance Company, the Arizona state legislature created the Arizona Insurance Guaranty Association. The legislation gave the association the power to assess and receive funds from insurance companies doing business in the State of Arizona, and to reimburse members of the public who would be injured by virtue of the insolvency of insurance companies doing business in this State. The purpose of the act as stated in Art. 6 of Title 20, Insurance, is as follows:

"The purpose of this act is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers."

§ 20–664, subsec. A, par. 2 provides:

"A. The association shall:

"*  *  *

"2. Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent."

§ 20–661, subsec. 3 reads as follows:

" 'Covered claim' means an unpaid claim, including one for unearned premium, which arises out of and is within the coverage of an insurance policy to which this article applies * * *."

It is not questioned that the plaintiff, Arizona Insurance Guaranty Association, is liable under this statute to the varied insureds of Liberty Universal Insurance Company for the full value of the unearned premiums due to the insureds, as this would be an obligation arising out of and "within the coverage" of the insurance policy issued by the insolvent company.

It is the contention of the Arizona Insurance Guaranty Association, however, that since it is required to pay to the insureds the unearned premiums that it is entitled to the unearned commissions on said unearned premiums.

It is the contention of the Arizona Insurance Guaranty Association that it steps in the shoes of the Liberty Universal Insurance Company as to any amounts paid. The statute reads:

"§ 20–667. Effect of paid claims

"A. Any person recovering under this article shall be deemed to have assigned his rights under the policy to the association to the extent of his recovery from the association. Every insured or claimant seeking the protection of this article shall cooperate with the association to the same extent as such person would have been required to cooperate with the insolvent insurer. * * *"

§ 20–667, subsecs. B and C provides that the association is a creditor of the insolvent insurance company as to the amounts paid to the insureds under this article.

We believe the statement, "any person recovering under this article shall be deemed to have assigned his rights under the policy to the association to the extent of his recovery from the association," is dispositive of this matter. § 20–667 A.R. S., supra.

A commission paid to an insurance agent is one of the expenses of doing business as an insurance company and is paid by the insurance company to the person writing the policy. Generally, in absence of an agreement to the contrary, an agent's commission is earned at the time the customer is insured by the insurance company, Boro Hall Agency, Inc. v. Citron, 69 Misc.2d 60, 329 N.Y.S.2d 269 (1972), and the agent is not required to return the pro rata unearned commission when the insurance contract is breached by the insurer's insolvency, Bushnell v. Krafft, 133 Ind. App. 474, 183 N.E.2d 340 (1962). Where by contract the agent is required to return the pro rata portion of a commission retained or canceled then the liquidator of the insolvent company is entitled to claim such commission. Holz v. M. L. Nathanson & Co., 15 Misc.2d 266, 159 N.Y.S.2d 785 (1957). The insured has no interest in the commission and is not in a position to question its payment or its repayment. Any repayment of the unearned commission is something peculiarly within the relationship between the insurance company and its agent.

The Arizona Insurance Guaranty Association is required to reimburse the insured only to the extent that the insurance company would have to reimburse the insured. We do not read the statutes as providing or allowing the Arizona Insurance Guaranty Association the right to recover the pro rata share of the unearned commissions from the agent. That (the unearned commission) is an asset of the receiver.

If the contracts between the insurance company and the agents so provide, the defendant, T. Millard Humphrey as receiver of the insolvent insurance company, is entitled to collect these unearned commissions and apply them to assets of the insolvent company which may then be used to satisfy the claim of the Arizona Insurance Guaranty Association for the sums that they

have paid to the insureds as provided by statute.

Judgment affirmed.

STRUCKMEYER and HOLOHAN, JJ., concur.