524 P.2d 1329

**COOPER CLAIMS SERVICE, INC. and Lyle-O'Keefe Adjustment Co., Inc., Appellants,**

v.

**ARIZONA INSURANCE GUARANTY ASSOCIATION, a nonprofit Arizona corporation, Appellee.**

**No. 1 CA–CIV 2402.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 6, 1974.

Paul W. Mercer, Phoenix, for appellants.

Stockton & Hing by Robert Ong Hing, Phoenix, for appellee.

NELSON, Judge.

The Arizona Insurance Guaranty Association (Guaranty), defendant in the trial court and appellee here, is a statutory non-profit corporation created by the Legislature of this state in 1970 to:

> ". . . provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers." Laws of Arizona 1970, Chap. 78 Section 1.

Cooper Claims Service, Inc., and Lyle O'Keefe Adjustment Co., Inc. (Adjusters), plaintiffs in the trial court and appellants here, are independent insurance claims adjustment companies which had rendered claims adjusting services for several insurance companies that became insolvent prior to paying for such services. When Guaranty, pursuant to the Arizona Insurance Guaranty Act, A.R.S. § 20–661 at seq., became obligated to pay certain covered claims and expenses of the insolvent insurance companies (A.R.S. § 20–664), the Adjusters sought to have their claims for personal services included for payment. Guaranty denied the claims and this suit followed. The superior court found that such claims were not covered by the statute and granted Guaranty summary judgment. We agree and affirm the decision of the superior court.

The Adjusters urge that there is a genuine issue of fact regarding an alleged property interest in the claims files in which they rendered services for the insolvent insurance companies which would preclude summary judgment in this matter. They also argue that Guaranty is unjustly enriched by utilizing the claims files of the insolvent insurers which had been enhanced by the uncompensated work product of the Adjusters prior to insolvency.

While counsel for appellant shows great resourcefulness in his argument, the facts and the inferences to support him are simply not there. No authority has been cited to this court creating a special relationship between insurance adjusters and the companies they work for, whether as employees or, as here, independent companies or contractors. They are employed, they render a service, and they hope to receive reasonable compensation for that service. When the spectre of insolvency intervenes somewhere in this process, the rights and liabilities of the parties, and the priorities as to assets, are set by statute. See generally: Bankruptcy Act, § 57(n), 11 U.S.C. § 93(n); Perry v. Certificate Holders of Thrift Savings, 320 F.2d 584 (9th Cir. 1963).

**158**

In this case, the statute is clear. The Adjusters, if they are to recover under this statute, must be included under A.R.S. § 20–664(A)(2). We find no other subsection applicable to them. Adjusting expenses contemplated by the statute and recoverable are those rendered subsequent to the insolvency, A.R.S. § 20–664(A)(3), and necessary to effectuate the purpose of the statute ". . . to avoid financial loss to claimants or policyholders because of the insolvency of an insurer . . . ." Laws of Arizona 1970, Chap. 78, Section 1, *supra*.

The decision of our Supreme Court in Arizona Insurance Guaranty Association v. Humphrey, 109 Ariz. 284, 508 P.2d 1146 (1973), is dispositive of this appeal. Although *Humphrey* is the converse of the case before us, an attempt by Guaranty to collect a debt allegedly owed to one of the same insolvent insurance companies (Liberty Universal Insurance Company) by an agent for unearned commissions, the basic issue is identical. In *Humphrey*, the court discusses the purpose of the Act in question here and the rights and obligations of the non-profit corporation created thereby. Guaranty does not assume all the rights and liabilities of an insolvent insurance company; it has a very limited and specific purpose for its existence as outlined by the statute. It is not a substitute for the normal insolvency proceedings but merely an adjunct to them. In holding that it was the responsibility of the receiver, not Guaranty, to seek to recover potential assets of the insolvent company, the court stated:

"A commission paid to an insurance agent is *one of the expenses of doing business as an insurance company.*" *Id.* at 286, 508 P.2d at 1148 (emphasis supplied).

It is our opinion that adjusting claims is one of the expenses of doing business as an insurance company. Just as the receiver, not Guaranty, is entitled to collect unearned commissions on behalf of the insolvent insurance company, he also has the authority, to the extent provided by other statutes (A.R.S. §§ 20–169 through 20–171) and the status of the assets of the insolvent insurance company, to pay the claims here in question.

Judgment affirmed.

WREN, P. J., and FROEB, J., concur.