David **COCKRELL, d/b/a Cockrell Insurance Agency, Plaintiff,**

**Commercial Bank, N.A., Oklahoma City, Okla., Intervenor, Appellants,**

v.

Gerald **GRIMES, Insurance Commissioner of the State of Oklahoma, Receiver for the United Equity Life Insurance Company; Oklahoma Life and Health Insurance Guaranty Association; and United Equity Life Insurance Company, a licensed domestic insuror in the State of Oklahoma, Appellees.**

No. 65046.

Court of Appeals of Oklahoma, Division No. 3.

April 7, 1987.

Rehearing Denied May 5, 1987.

Certiorari Denied June 30, 1987.

As Corrected Aug. 20, 1987.

Barry Simms, Oklahoma City, for appellant, David Cockrell.

Bart A. Boren, Oklahoma City, for appellant, Commercial Bank, N.A.

Bert E. Marshall, Oklahoma City, for appellee, Gerald Grimes.

James W. Rhodes, Oklahoma City, for appellee, Oklahoma Life and Health Guar. Assn.

HUNTER, Judge:

Appellant, David Cockrell, was an agent for United Equity Life Insurance Company, (UELIC) under a written agency contract, last approved by the Oklahoma State Insurance Commissioner on March 27, 1984. On April 24, 1984, the Appellee, Gerald Grimes, State Insurance Commissioner, (Commissioner) applied for Receivership and Rehabilitation of UELIC and was appointed receiver of UELIC by the District Court of Oklahoma County. The Order Appointing Receiver also provided for notice to Appellee, Oklahoma Life Health Guaranty Association, (Association). Until liquidation of UELIC occurs, Appellee, Association, has the statutory obligation under 36 O.S.1981 § 2028(2), subject to the approval of the Commissioner, to guarantee, assume, or reinsure, or cause to be guaranteed, assumed or reinsured, the covered policies of UELIC; assure payment of the contractual obligations of UELIC; and provide such monies, pledges, notes, guarantees or other means as are reasonably necessary to discharge such duties. Under the receivership, the Commissioner, and/or the Association, has collected renewal premiums on UELIC policies written and produced by Cockrell and Cockrell's sub-independent contractors.

Cockrell's agency contract with UELIC provided, among other things, that all first year and renewal commissions on policies written by Cockrell, were considered vested in him and payable to him so long as the premiums continued to be paid. The agreement had certain provisions for termination, but provided that renewal commissions were to continue to be paid to Cockrell even after termination of the Agency contract.

After Appellee, Commissioner, was appointed receiver, Cockrell made demand for payment of his commissions which was refused. Cockrell brought this action for declaratory judgment to collect those commissions and Appellant, Commercial Bank N.A., (Bank), intervened as assignee of Cockrell's commissions under a security agreement with Cockrell. Subsequently, Cockrell and Bank filed motions for sum-

mary judgment. The trial court found no material facts in controversy but held that the receivership proceeding had always been conducted as though it were a liquidation, and as a result thereof, Cockrell's contract was terminated by operation of law as of the date of commencing the rehabilitation proceedings. The trial court further found that Cockrell was only a general creditor as to any renewal commissions generated prior to the delinquency proceedings, granted summary judgment for the Appellees and dismissed the Appellants' petitions. This appeal was timely commenced.

The issue presented for our consideration is one of law and involves the application of the Uniform Insurers Liquidation Act, Title 36 O.S. § 1901 et seq; The Life and Health Insurance Guaranty Association Act, 36 O.S. § 2021 et seq; and *General American Life Insurance Company v. Roach*, 179 Okl. 301, 65 P.2d 458 (1937).

■ Although some of the executory portions of Cockrell's agency contract may have been terminated by operation of law, the executed portions could not be. Under the holding in *Roach, supra*, Cockrell's right to his commissions were vested and UELIC and or the Appellees, upon collection of premiums on insurance policies written by Cockrell were, in effect, collecting agents for Cockrell and held his commissions in trust for him, or, in this case, for his assignee.

Appellees argue that *Roach*, is anomolous, outdated, inapplicable and should be disregarded by this court. Appellee cites *Liberty National Insurance Co. v. Reinsurance Agency, Inc.*, 307 F.2d 164 (9th Cir.1962) for the proposition that "Agents do not have a vested interest in future insurance premiums against insolvency receivers ..." and argues that the Supreme Court in *Roach*, ignored this rule and ignored its own ruling in the case of *Wagner v. Land*, 152 Okl. 225, 4 P.2d 81 (Okl.1931) which held "The right of an agent to commissions on renewal premiums is determined by the terms of his contract of employment." Of course, this view overlooks the fact that the contract of employment

here provides that Cockrell was to receive commissions on renewal premiums *even after termination of the employment contract*, as long as the premiums were paid.

Appellees attempt to distinguish *Roach* on the basis that there was no receivership involved in that case. This is not a totally accurate statement. In *Roach* the company the agent first worked for was sold to a Missouri company which recognized his contract and continued to fulfill the obligations under it. The Missouri State Insurance Commissioner then took over that company and after a few days approved its sale to General American Life Insurance Company. Because the Oklahoma Insurance Commissioner filed for rehabilitation and has not yet sought liquidation of UELIC, it appears the possibility of another company buying UELIC still exists.

The cases from other jurisdictions cited by the Appellees are all clearly distinguishable. Appellees' reliance on 36 O.S.1981 § 1927, which outlines the priority of claims against an insolvent insurer is also misplaced. That section provides priority for distribution of the *assets of the insolvent insurer*. Under *Roach* that portion of the premiums collected which constitutes Cockrell's commissions *are not assets of the insolvent insurer*, but are the vested property of Cockrell, and are held in trust for him.

As long as the insurance policies written by Cockrell are in effect and premiums are being paid on those policies, the commissions on those premiums is the separate, vested property of Cockrell and not the assets of the insolvent insurer.

Appellees also rely on a portion of *A Cyclopedia of Insurance Law, Second Edition*, Couch on Insurance, § 26A:240 which is quoted as: "When the insurer becomes insolvent or ceases to do business, the rights to renewal commissions is terminated." However, the last paragraph of the same section, cites *Roach* for authority for the proposition that where the agency contract provides for payment to the agent a percentage of renewal premiums collected in the future on policies written by the

agent, such share of premiums *is the property of the agent.*

Appellees further rely on *Roush v. National Old Line Insurance Co.,* 453 F.Supp. 247, (W.D.Okl.1978) for the proposition that an agents right to renewal commission has been held to be dependent on the contractual relationship between the parties. Here there was a contractual relationship and Appellees are merely standing in the place of UELIC. Appellees further cite *People ex rel. Palmer v. Peoria Life Insurance Co.,* 376 Ill. 517, 34 N.E.2d 829 (1941) which was decided after *Roach* and which relied on the Illinois Federal Court decision in *Layton v. Illinois Life Ins. Co.,* 81 F.2d 600 (7th Cir.1936). *Layton* was available to the Oklahoma Supreme Court but was obviously not adopted.

■ Generally, in absence of an agreement to the contrary, an agent's commission is earned at the time the customer is insured by the insurance company. *Arizona Insurance Guaranty Ass'n v. Humphrey,* 109 Ariz. 284, 508 P.2d 1146 (1973), quoting from *Boro Hall Agency, Inc. v. Citron,* 69 Misc.2d 60, 319 N.Y.S.2d 269 (1972). Here Cockrell's commission was earned when the policies were written and became his vested property upon payment of the premiums. The agent's right to a percentage of the premium on a policy is a *property right* which becomes fixed as soon as the policy is taken out, and then is realized when the premiums are actually paid from time to time. *Wear v. Farmers & Merchants Bank, etc.,* 605 P.2d 27, 30 (Al.1980), citing as authority, *General American Life Insurance Co. v. Roach, supra.*

Appellees' brief argues on the one hand that the UELIC policies were so unprofitable that no insurer could be found to assume them, and they had to be non-renewed in accordance with their terms. On the other hand, Appellees concede that the liquidation process has been going on for nearly two years and is a "complicated and time-consuming one" and "final liquidation is still not in sight". Thus, it appears that Appellees may still be collecting premiums on policies written by Cockrell and issued by UELIC. This being so, Appellees, at this point in time, merely stand in the shoes of UELIC, as Commercial Bank N.A. stands in the shoes of Cockrell. Under these circumstances, Appellees are holding Cockrell's commissions in trust and Summary Judgment should have been granted to the Appellants on that issue.

Oklahoma's Uniform Insurers Liquidation Act is designed to protect the public in general, and policyholders of an insolvent insurer in particular. It is a proper function of government to protect its citizens. However, protection of the policyholders of an insolvent insurer may not be done at the expense of the vested property rights of another private citizen. Our constitution forbids taking private property for public use without just compensation. Okla. Const. Art. II §§ 23 & 24; U.S. Const. Amendment V. As stated above, Cockrell's commissions vested in him upon payment of the premiums. That money is his property. Whether it was collected by UELIC or the Commissioner or the Association, it remains Cockrell's property and is not and may not be considered an "asset" of UELIC to be used for payment of claims against UELIC.

We hold that, until a final order of liquidation of UELIC is entered, all premiums collected by UELIC, the Commissioner or the Association on policies written by or through Cockrell, are subject to his vested commissions which are held in trust for him and or his assigns and are due to him upon collection of the premiums.

For the reasons above stated, the Judgment of the trial court is REVERSED and this matter is REMANDED with directions to enter judgment for the Appellants on their action for declaratory judgment, and for such further proceedings as may be necessary, in a manner not inconsistent with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

HANSEN, P.J., and BAILEY, J., concur.