PEREZ F. HUFF, Appellant, *v.* HARRY B. ROSEN, Respondent.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1923.

Subrogation — life insurance agent — return of commissions on canceled policy — when agent may be substituted to rights of insurance company and maintain action against sub-agent for the commissions.

The right of subrogation requires no contractual relation as its basis, and where it is equitable that one who has paid a debt should be substituted for the creditor, he will be so substituted.

Defendant upon entering the employ of a life insurance company agreed to return to it upon demand any commissions paid to him upon policies if they were

canceled because of the misrepresentations of the insured made upon his application for insurance. Plaintiff under his agreement with the company to be responsible for and to save it harmless against acts and deeds of agents nominated by plaintiff, of which defendant was one, was compelled to pay to the company the amount of commissions which had been collected by defendant upon a policy of insurance which the company had been compelled to cancel and to pay back the premium to the insured. *Held*, that a complaint pleading the facts sufficiently stated a cause of action as upon plaintiff's subrogation to the rights of the insurance company against the defendant.

An order denying plaintiff's motion for judgment on the pleadings will be reversed and the motion granted with leave to defendant to withdraw its demurrer to the complaint.

APPEAL by plaintiff from order denying plaintiff's motion for judgment on the pleadings, also from order denying motion for resettlement of said order.

*John Kirkland Clark* (*Hannon E. Norris*, of counsel), for appellant.

*Koenig, Sittenfield & Aranow*, for respondent.

GUY, J. It appears from the complaint that the defendant is a life insurance agent; that as such agent and as the result of representations on his part · the Travelers Insurance Company issued a policy of life insurance, defendant deducting his commission, $1,265.12, from the premium paid; that defendant accepted his employment in consideration of his agreement to return to the company upon demand any commissions paid to him upon policies which the company might recall or cancel on account of misrepresentations made by the applicant at the time of making application; that the representations made upon the application for the policy in question were false and fraudulent, and the company was thereafter compelled to cancel the policy and to pay back the premium to the insured; that prior to the above transactions the company had entered into an agreement with plaintiff whereby plaintiff agreed with the company to be responsible for and to save it harmless against acts and deeds of agents nominated by the plaintiff, of whom defendant was one; that plaintiff was compelled under his agreement with the company to pay to it the amount of the commissions which had been collected by defendant upon the aforesaid insurance; and plaintiff demands judgment for $1,265.12, the amount of said commissions with· interest.

The defendant demurred to the complaint, and upon plaintiff's motion for judgment on the pleadings the demurrer was sustained.

The facts sufficiently spell out a cause of action against defendant as upon plaintiff's subrogation to the rights of the insurance company against the defendant.

The right of subrogation or equitable assignment requires no contractual relation as its basis, since it is founded upon principles of equity and makes its appeal solely to the conscience of the court, and where it is equitable that a person who has furnished money to pay a debt should be substituted for the creditor, such person will be substituted. *Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137.

In the case cited the court held that the plaintiff was subrogated to the rights of the holder of a promissory note as against the maker and the indorser thereof where payment of the note had been made by the maker with the proceeds of sale of merchandise belonging to the plaintiff; and while the rights of plaintiff and defendant maker were based on an existing contract between them there was no privity of contract between the plaintiff and the defendant indorser. See *Hough* v. *Ætna Life Insurance Company*, 57 Ill. 318.

It follows that the complaint states a cause of action and that the order should be reversed, with ten dollars costs and disbursements, and plaintiff's motion for judgment on the pleadings granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to serve an answer within six days after service of a copy of the order entered hereon on payment of said costs. Appeal from order denying motion for resettlement dismissed.

BIJUR and MULLAN, JJ., concur.

Ordered accordingly.