■ Stanley A. Kosierowski, Appellant, v. Madison Life Insurance Company, Respondent.— Appeal from an order of the Supreme Court, Nassau County, dated December 20, 1967, dismissed, without costs. An order denying a motion for a new trial, made only on the trial minutes, is not appealable. In any event, the contention relied on in support of the motion was considered on the appeal from the judgment. Judgment of said court entered January 10, 1968 in favor of defendant after a jury trial, upon the trial court's dismissal of the complaint at the close of the evidence, affirmed, with costs. In this action to recover the face amount of a life insurance policy, plaintiff, the named beneficiary, has conceded that the insured falsely stated in his application for the insurance that he did not have, and had never been told that he had, high blood pressure. The proof adduced admits of no other conclusion. Furthermore, the insured failed to disclose the name of the physician who had treated his hypertensive condition for a period of more than nine months immediately preceding the application. On this state of facts the trial court properly dismissed the complaint on the theory that the insured had made, as a matter of law, a material misrepresentation (cf. *Wageman* v. *Metropolitan Life Ins. Co.*, 24 A D 2d 67, affd. 18 N Y 2d 777; Insurance Law, § 149). One further point needs to be considered. This action was commenced by plaintiff more than two years after the issuance of the policy. The insured died, however, within the two years of issuance. The policy contained the usual clause, which stated: "This policy shall be incontestable after it has been in force during the lifetime of the Insured for a period of two years from its date of issue". The Insurance Law (§ 155, subd. 1, par. [b]) provides in pertinent part: "1. No policy of life insurance * * * shall be delivered or issued for delivery in this state unless it contains in substance the following provision or provisions which in the opinion of the superintendent are more favorable to policyholders: * * *. (b) A provision that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue". Thus, the clause in the policy at issue is identical with the statutory clause. This clause has been uniformly construed to allow an insurer to contest a policy after the passage of two years where the insured has died within the period limited (see *McKenna* v. *Metropolitan Life Ins. Co.*, 220 App. Div. 53; app. dsmd. 247 N. Y. 527; *Palmer* v. *John Hancock Mut. Life Ins. Co.*, 148 Misc. 324; *Home Life Ins. Co.* v. *Klein*, 25 N. Y. S. 2d 215; *Greenbaum* v. *Columbian Nat. Life Ins. Co.*, 62 F. 2d 56; cf. *Shannon* v. *Metropolitan Life Ins. Co.*, 146 Misc. 903; *Kocak* v. *Metropolitan Life Ins. Co.*, 144 Misc. 422, affd. 237 App. Div. 780, affd. 263 N. Y. 518). Plaintiff does not argue otherwise, but contends that if such be the clause's construction he has been denied the equal protection of the laws. The theory of his argument is that, so construed,

the clause creates an arbitrary classification between long- and short-lived insureds. We disagree with plaintiff's contention for two reasons. In the first place, we are unable to say that the classification is arbitrary and lacks a rational basis. The insurance industry cannot possibly, at least within the confines of the present rate structure, investigate every application for life insurance. Of necessity, the answers of the insured in the application must be relied upon. And, notwithstanding that the time limiting provision in the statutory clause and its contractual counterpart has foreclosed the insurer from questioning the truth of these answers, it was reasonable to except from the operation of the provision those insureds who, because of their precipitous demise, have cast suspicion upon their representations. As to such insureds the insurer is rightfully alarmed and should not be foreclosed from investigation and contest. There is another reason, more fundamental, for rejecting plaintiff's assertion of unconstitutionality. As noted above, subdivision 1 of section 155 states that the incontestability clause provided in paragraph (b) thereof must be included in life insurance contracts, "unless it [the insurance contract] contains * * * *provisions which in the opinion of the superintendent are more favorable to policyholders*" (emphasis supplied). Thus, the statutory incontestability clause is not a matter of legislative fiat but may be varied by the parties. And, though the insurance contract is perhaps the prime example of a contract of adhesion, we cannot overlook the fact that plaintiff and his insured were not bound by the statutory language but could have insisted on a clause which would not condition incontestability upon the longevity of the insured. Oddly enough, the predecessor to this statutory provision would furnish the ingredients for just such a clause. It stated that a life insurance policy must contain "A provision that the policy shall be incontestable after two years from its date of issue" (former Insurance Law, § 101, subd. 2 [added by L. 1909, ch. 301] prior to its amendment in 1921 [L. 1921, ch. 407]). That provision was interpreted to require a contest within two years of issuance, irrespective of the insured's intervening death (*Mutual Life Ins. Co.* v. *Hurni Packing Co.,* 263 U. S. 167; *Killian* v. *Metropolitan Life Ins. Co.,* 251 N. Y. 44; *Piasecki* v. *Metropolitan Life Ins. Co.,* 243 N. Y. 637). In the instant circumstances there was no denial of the equal protection of the laws. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.