■ JOHN E. TIGUE, Appellant, v COMMERCIAL LIFE INSURANCE COMPANY et al., Respondents. [631 NYS2d 974] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment. The court erred, however, in granting defendants' cross motion in its entirety and in

dismissing the complaint in this declaratory judgment action rather than declaring the rights of the parties (see, Shields v City of Buffalo, 206 AD2d 921, 922, lv denied 84 NY2d 813). We modify the judgment appealed from, therefore, by granting in part defendants' cross motion, reinstating the complaint insofar as it seeks a declaratory judgment, and granting judgment in favor of defendants declaring that defendants have no obligation to pay plaintiff any additional renewal commissions under the terms of the agency agreements.

It is undisputed that the right of plaintiff, if any, to renewal commissions arises from plaintiff's security interest in agency "contract rights now owned or hereafter acquired." Therefore, resolution of the issue presented depends upon determination of the agency's contract rights with respect to renewal commissions, which must be determined by construction of the agency agreements and related addenda.

It is the responsibility of the courts to interpret written instruments (Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291). Where the language of a contract is clear and unambiguous, interpretation of that contract and construction of its provisions are questions of law (Chimart Assocs. v Paul, 66 NY2d 570, 572-573; Loblaw, Inc. v Employers' Liab. Assur. Corp., 57 NY2d 872, 876 [Fuchsberg, J., concurring]; Teitelbaum Holdings v Gold, 48 NY2d 51, 56). In such cases, the court must ascertain the intent of the parties from the plain meaning of the language employed, giving terms their plain, ordinary, popular and non-technical meanings (United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232; Benderson Dev. Co. v Schwab Bros. Trucking, 64 AD2d 447, 456).

It is undisputed that the agency failed to segregate funds and failed to remit premiums it collected on behalf of defendant insurance companies. That was a breach of the agency agreements and a violation of Insurance Law § 2120 and related regulations (see, 11 NYCRR 20.3). Furthermore, it is undisputed that, based on this breach, defendants properly terminated the agency agreements. The issue in dispute is what effect termination of the agency agreements had on the agency's right to receive further renewal commissions. Because the termination fell within the categories specified in the forfeiture provision of the agency agreements, defendants properly rely on the forfeiture provision to deny the agency the right to future commissions. Plaintiff had a security interest only in contract rights held by the agency, and, because the

agency had no right to future renewal commissions, plaintiff has no right to future renewal commissions. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.