■ JEFFREY S. ROTSKO, Respondent, v DONALD H. RICE, Appellant. [633 NYS2d 907] —Amended judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this action to foreclose a mechanic's lien, Supreme Court's conclusions that plaintiff has a valid mechanic's lien on defendant's property, is entitled to a judgment of $135,386.24 plus interest, and is entitled to enforcement of his mechanic's lien, could not have been " 'reached under any fair interpretation of the evidence' " *(Thoreson v Penthouse Intl.,* 179 AD2d 29, 31, *affd* 80 NY2d 490) and must be set aside.

The proof establishes that the agreement of the parties, memorialized by plaintiff's letters to defendant dated October 11, 1990 and March 22, 1991, was a "not to exceed" contract,

whereby plaintiff agreed to construct defendant's residence at a guaranteed maximum price of $300,000. Contrary to the conclusion of the court, the contract is neither ambiguous *(see, Tigue v Commercial Life Ins. Co.,* 219 AD2d 820) nor did it evolve into a "time and materials" contract. While plaintiff billed defendant on a time and materials basis, he acknowledged that he agreed to construct defendant's residence within the $300,000 budget. Thus, plaintiff's recovery is limited to the amount set forth in the parties' agreement.

The court's dismissal of defendant's counterclaims "for insufficient proof" is supported by the record.

Therefore, we modify the amended judgment on appeal by deleting therefrom those portions awarding plaintiff judgment against defendant, determining that plaintiff has a valid mechanic's lien, and directing enforcement of the lien by foreclosure. (Appeal from Amended Judgment of Supreme Court, Chautauqua County, Ward, J.—Mechanic's Lien.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.