■■ VINCENT J. RUSSO, Appellant, v NEW YORK LIFE INSURANCE COMPANY, Respondent. [668 NYS2d 640] —In an action, *inter alia,* to recover commissions on the sale of life insurance policies, the plaintiff appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated December 12, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff worked as an insurance agent of the defendant from 1962 to 1993. As part of his compensation, the plaintiff earned commissions on the life insurance policies that he sold and on those which were renewed. After his retirement, the defendant continued to pay the plaintiff commissions on renewal policies. From time to time it occurred that renewed policies were cancelled during their term. The defendant sought a rebate of the commissions it had paid to the plaintiff on these cancelled policies and it deducted the amount of the claimed rebate from subsequent commissions as they became due. The plaintiff commenced the instant action to recover the amounts deducted from his payments. The Supreme Court granted the defendant's motion for summary judgment and dismissed the complaint on the ground, *inter alia,* that the contract between the parties expressly allowed the defendant to recoup commissions on policies that were later cancelled.

Paragraph 8 of the Field Underwriter's Contract executed by the plaintiff clearly provided that the defendant was given a lien on any commissions payable to the plaintiff as security for the payment of any claim, indebtedness, or reimbursement which might become due to the defendant from the plaintiff. It further stated that any sums becoming due to the plaintiff may be applied directly by the defendant to the liquidation of any indebtedness or obligation owed to the defendant by the plaintiff. Moreover, pursuant to Section 13 (a) (iii) of the Agent's Handbook, the terms of which were made part of the Field Underwriter's Contract, the plaintiff was required to repay to the defendant any commissions received by or advanced to him that were derived from policies that were

ultimately rescinded, reformed, or canceled by the Company "for any reason". Therefore, the parties' contract expressly gave the defendant the right to recoup commissions previously paid on policies that were thereafter canceled. Accordingly, the Supreme Court properly granted summary judgment to the defendant (*see, Tigue v Commercial Life Ins. Co.,* 219 AD2d 820; *Ryan v Phoenix Mut. Life Ins. Co.,* 292 NY 565; *Holz v Nathanson & Co.,* 5 Misc 2d 266, *affd* 4 AD2d 858; *Huff v Rosen,* 121 Misc 674). Joy, J. P., Krausman, Florio and McGinity, JJ., concur.