■ SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v DEENCHANDRA HERPAUL, Also Known as DINCHANDRA HARPAUL, et al., Appellants. [827 NYS2d 141]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 13, 2006, which denied defendants' motion to dismiss the complaint as time-barred, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants are the owner and insured of two life insurance polices issued by plaintiff Security Mutual. The policies each contain a clause which states that plaintiff "will not contest this policy after it has been in force, during the Insured's lifetime, for two years from the earlier of its Policy Date or Issue Date." The policy date set forth in each agreement is November 1, 2002 and the issue dates set forth in each agreement are November 8, 2002 and December 3, 2002, respectively.

Plaintiff served a complaint on November 8, 2004, claiming, inter alia, that defendants had fraudulently obtained the insurance policies. Defendants moved to dismiss the complaint on the ground that the period in which to contest the policy had expired. Plaintiff maintained that the policies did not become incontestable until at least two years after they had been in force, and that the policies were not in force prior to November 8, 2002. The motion court did not resolve this issue. Instead, the court found that an evidentiary hearing was required to determine whether the parties intended New York or New Jersey law to apply.

We reverse. Regardless of which state law controls, the complaint is time-barred. Under New York law, the phrase "in force"—where not separately defined in the agreement—has been interpreted as the date of issuance (*see Guardian Life Ins. Co. of Am. v Schaefer*, 70 NY2d 888 [1987]). Although New York law provides that a policy cannot be contested after being in force during the life of the insured for two years from its date of issue (*see* Insurance Law § 3203 [a] [3]), the parties are free to set an earlier date (*see Kosierowski v Madison Life Ins. Co.*, 31 AD2d 930 [2d Dept 1969], *lv denied* 25 NY2d 737 [1969]). This is underscored by New York statutory law which provides that insurance policies may contain provisions "which the superintendent deems to be more favorable to policyholders" (Insurance Law § 3203 [a]). Thus, plaintiff was free to, and did in fact, provide more favorable terms to its insured by allowing an earlier date to trigger the incontestability period.

New Jersey statutory law, on the other hand, specifically

provides that the incontestability period "shall commence upon the earliest of the date of issue, the policy date and any other effective date" (NJ Admin Code § 11:4-41.3 [b] [3] [i]). No other effective date is defined within the policies. Therefore, as defined by the policies themselves and consistent with New Jersey law, the trigger date, as defendants maintain, is the earlier policy date.

Having provided, within the four corners of the agreements, that the earlier date—as between the policy and issue dates—triggers the incontestability clause, plaintiff is bound, under both New York and New Jersey law, by the agreement's plain language (*see Ledon v Havemeyer*, 121 NY 179 [1890]; *Tigue v Commercial Life Ins. Co.*, 219 AD2d 820 [1995]; *Lucier v Williams*, 366 NJ Super 485, 841 A2d 907 [2004]).

Plaintiff maintains that even if the two-year contestability period had expired, its common-law fraud claim for damages nevertheless survives. However, "[w]here a policy provides that it shall not be contestable except for certain matters and fails to list among those defenses fraud, the defense of fraud is barred" (1A Appleman, Insurance Law and Practice § 332). This applies to policies issued in New York (*see New England Mut. Life Ins. Co. v Doe*, 93 NY2d 122, 130-131 [1999]) and New Jersey (*see Prudential Ins. Co. of Am. v Connallon*, 108 NJ Eq 316, 154 A 729 [1931]). Indeed, had plaintiff wanted a longer time period in which to advance a fraud claim, it could have easily protected itself by including within its other enumerated exceptions to the incontestability clause an exception for fraudulent misrepresentations (*see New England Mut. Life Ins. Co.*, 93 NY2d at 131; *see also Berkshire Life Ins. Co. v Weinig*, 290 NY 6, 9-10 [1943]). In any event, even assuming a separately pleaded common-law fraud cause of action could be maintained beyond the expiration of the incontestability period, the cause of action is not pleaded with the requisite particularity under either state statute (*see* CPLR 3016 [b]; NJ Rules of Ct rule 4:5-8 [a]).

We need not reach the parties' remaining contentions in light of our determination. Concur—Tom, J.P., Andrias, Marlow, McGuire and Malone, JJ.